(December 2, 2014)

■ CASSANDRA GRACE, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant, et al., Defendant. [998 NYS2d 36]—

Judgment, Supreme Court, Bronx County (Lizbeth Gonzalez, J.), entered February 1, 2013, after a jury verdict, awarding plaintiff the sum of $458,956.50, as reduced by stipulation and inclusive of interest, statutory costs and disbursements, consisting of, inter alia, awards of $20,000 for past pain and suffering, $150,000 for future pain and suffering, and separate awards of $20,000 for past loss of enjoyment of life and $25,000 for future loss of enjoyment of life, unanimously affirmed, without costs.

Plaintiff was injured when she fell due to a depression and crack in the floor tile at the bottom of a staircase at a subway station owned and operated by defendant New York City Transit Authority (defendant).

The record reflects that the jury charge correctly advised that loss of enjoyment of life was a component of pain and suffering (see Nussbaum v Gibstein, 73 NY2d 912, 914 [1989]). Defendant argues that the verdict sheet was inconsistent with this instruction. However, defendant concedes that it failed to object to the verdict sheet. Thus, defendant failed to preserve the issue of the error in the verdict sheet for review by this Court (see Klein-Bullock v North Shore Univ. Hosp. at Forest Hills, 63 AD3d 536, 536-537 [1st Dept 2009]; London v Lepley, 259 AD2d 298, 299 [1st Dept 1999]).

Where a party fails to object to errors in a verdict sheet, the charge becomes the law applicable to the determination of the

case, and on appeal, this Court will review only if the error was "fundamental" (*Aguilar v New York City Tr. Auth.*, 81 AD3d 509, 510 [1st Dept 2011]). We find that the alleged conflict between the jury charge and the verdict sheet was not fundamental since it did not confuse or create doubt as to the principle of law to be applied, or improperly shift fault, such that the "jury was prevented from fairly considering the issues at trial" (*Curanovic v New York Cent. Mut. Fire Ins. Co.*, 22 AD3d 975, 977 [3d Dept 2005]; *Clark v Interlaken Owners*, 2 AD3d 338, 340 [1st Dept 2003]).

The trial court properly exercised its discretion in permitting plaintiff's expert witness to testify as to his opinion of the defective condition. Further, the testimony of plaintiff's expert was not speculative because it was based on evidence in the record, i.e., the testimony of plaintiff and of a witness as to the dimensions and appearance of the defective condition (*see Tarlowe v Metropolitan Ski Slopes*, 28 NY2d 410, 414 [1971]). Concur— Gonzalez, P.J., Mazzarelli, Andrias, DeGrasse and Clark, JJ.