■ Neil Laccone et al., Appellants, v Roslyn Chalet, Also Known as Chalet Restaurant & Tap Room, et al., Respon-

dents. (Action No. 1.) NEIL LACCONE et al., Appellants, v BER DUR REALTY CORPORATION, Respondent. (Action No. 2.) [11 NYS3d 107]—

In two related actions to recover damages for personal injuries, etc., which were joined for trial, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Bruno, J.), entered March 28, 2013, which granted the motion of Ber Dur Realty Corporation, the defendant in action No. 2, joined in by Roslyn Chalet, also known as Chalet Restaurant & Tap Room, and Salata Restaurant Corp., the defendants in action No. 1, to preclude the plaintiffs from offering certain evidence against it at trial.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The injured plaintiff, Neil Laccone, a patron at Roslyn Chalet, also known as Chalet Restaurant and Tap Room, in Roslyn, allegedly sustained personal injuries when he fell on an outdoor wooden deck at the premises. The restaurant was operated by Salata Restaurant, Inc., sued herein as Salata Restaurant Corp. (hereinafter, together with Roslyn Chalet, also known as Chalet Restaurant and Tap Room, the Chalet defendants), in premises owned by Ber Dur Realty Corporation (hereinafter Ber Dur). The injured plaintiff, and his wife suing derivatively, commenced an action against the Chalet defendants (hereinafter action No. 1) to recover damages for personal injuries, alleging that the injured plaintiff tripped or slipped and fell, and that the Chalet defendants were negligent in the ownership, operation, maintenance, and control of the premises. In their initial bill of particulars in that action, the plaintiffs alleged that the deck was "covered with leaves," and that a portion of the deck "gave way due to rot." Almost one year later, the plaintiffs commenced a related action against Ber Dur (hereinafter action No. 2). On March 16, 2011, the plaintiffs served a bill of particulars in action No. 2, which, in addition to the theories of liability that had already been articulated against the defendants in Action No. 1, alleged structural defects in the steps leading from the restaurant to the deck and various building code violations.

Thereafter, in an order entered June 23, 2011 (hereinafter the preclusion order), the Supreme Court granted that branch of the Chalet defendants' motion in action No. 1 which was to preclude the plaintiffs from offering evidence in support of additional allegations of negligence that they asserted in a bill of

particulars, which was denominated as a supplemental bill of particulars despite the fact those allegations asserted new theories of liability not previously pleaded (*see* CPLR 3042 [b]; *cf.* CPLR 3043 [b]), specifically, structural defects in the steps leading from the restaurant to the deck and various building code violations. The preclusion order also granted those branches of the Chalet defendants' motion which were to strike the supplemental bill of particulars, as it was served without leave of court after the note of issue was filed, and to preclude the plaintiffs' expert witness from testifying at trial regarding the additional theories of liability.

Subsequently, the Supreme Court granted the Chalet defendants' motion to consolidate the two actions to the extent of joining them for trial. Prior to the filing of the note of issue in action No. 2, Ber Dur, joined in by the Chalet defendants, moved to preclude the plaintiffs from offering evidence at the joint trial against Ber Dur in support of theories of liability set forth in the one and only bill of particulars served in action No. 2 that would also support the theories of liability that had previously been precluded in action No. 1. Ber Dur argued, inter alia, that the doctrine of res judicata barred the plaintiffs from adducing such evidence at the joint trial. In an order entered March 28, 2013, the Supreme Court granted the motion, concluding that preclusion in action No. 2 was necessary to prevent the plaintiffs from "circumventing" the preclusion order entered in action No. 1. We reverse the order granting Ber Dur's motion.

The doctrine of res judicata is inapplicable under the circumstances of this case. "Under the doctrine of res judicata, a party may not litigate a claim where a *judgment on the merits* exists from a prior action *between the same parties involving the same subject matter*" (*Matter of Hunter*, 4 NY3d 260, 269 [2005] [emphasis added]; *see Myers v Meyers*, 121 AD3d 762, 764 [2014]; *Douglas Elliman, LLC v Bergere*, 98 AD3d 642 [2012]; *Hae Sheng Wang v Pao-Mei Wang*, 96 AD3d 1005, 1007 [2012]). Here, a judgment on the merits does not exist between the same parties involving the same subject matter. Furthermore, contrary to the Supreme Court's determination, there has been no attempt by the plaintiffs to evade the preclusion order (*cf. Barrett v Kasco Constr. Co.*, 56 NY2d 830 [1982]; *Palmer v Fox*, 28 AD2d 968 [1967], *affd* 22 NY2d 667 [1968]).

Ber Dur's alternative arguments for precluding the subject evidence from admission at the joint trial are without merit. Although Ber Dur is correct that the plaintiffs' expert cannot rely upon the 2003 New York State Building Code, as it was

not in effect when the premises were constructed or the deck was replaced (*see e.g. Ryan v KRT Prop. Holdings, LLC*, 45 AD3d 663, 664-665 [2007]), the plaintiffs' expert submitted an affidavit in opposition to Ber Dur's motion to preclude, showing that the provisions of the 2003 Building Code that were allegedly violated are identical to the provisions of the 1995 State Uniform Fire Prevention and Building Code, which were in effect when the deck was replaced. Whether the alleged structural defects were a proximate cause of the accident raises an issue of fact for a jury to determine. Contrary to Ber Dur's contention, the expert's reliance upon his personal inspection of the premises five years after the accident provided a sufficient foundation for his opinion (*see* Jerome Prince, Richardson on Evidence § 369 [Farrell 11th ed]) inasmuch as Kevin Dursen, the sole shareholder of Ber Dur, testified at a deposition that the photographs taken by the expert at the time of the inspection fairly and accurately depicted the appearance of the premises at the time of the accident. Accordingly, these arguments do not provide grounds to preclude the subject testimony.

Ber Dur's remaining contentions are without merit. Rivera, J.P., Roman, Sgroi and Duffy, JJ., concur.