■ MICHAEL RICATTO, Doing Business as J & J METRO RESTAURANT, Appellant, v MICHAEL MAPLIEDI, Also Known as MIKE MALPIEDI, et al., Defendants, and ROBERT F. GIUSTI, Respondent. [20 NYS3d 395]—

In an action, inter alia, to recover damages for conversion and legal malpractice, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Grays, J.), dated June 27, 2014, as granted that branch of the motion of the defendant Robert F. Giusti which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against him as barred by the doctrine of res judicata.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Robert F. Giusti which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against him as barred by the doctrine of res judicata is denied.

In a prior action, J & J Metro Restaurant, Inc., and Michael Ricatto alleged, among other things, that the defendant Robert F. Giusti had committed legal malpractice in connection with the sale of a restaurant owned by J & J Metro Restaurant, Inc. In an order dated July 31, 2013, the Supreme Court granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) to dismiss the complaint in the prior action based upon the plaintiffs' lack of standing. The plaintiffs' motion for leave to reargue their opposition to that motion was subsequently denied.

Thereafter, Ricatto, doing business as J & J Metro Restaurant, commenced this action against, among others, Giusti, alleging the same causes of action as asserted in the prior action. As pertinent here, the complaint alleges that Ricatto was the owner of a restaurant which was sold without his permission and that Giusti committed legal malpractice in connection with the sale of the restaurant.

In the order appealed from, the Supreme Court granted that branch of Giusti's motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against him as barred by the doctrine of res judicata, based upon the aforementioned orders issued in the prior action.

The doctrine of res judicata gives binding effect to the judgment of a court of competent jurisdiction and prevents the parties to an action, and those in privity with them, from subsequently relitigating any questions that were necessarily decided therein (see Moran Enters., Inc. v Hurst, 66 AD3d 972, 974 [2009]). A party seeking to assert res judicata or claim preclusion must show the existence of a prior judgment on the merits (see Matter of Farkas v New York State Dept. of Civ. Serv., 114 AD2d 563, 564 [1985]).

Here, Giusti has not demonstrated that a judgment on the merits exists between the same parties involving the same subject matter (*see Laccone v Roslyn Chalet*, 128 AD3d 1020 [2015]). Res judicata does not bar this action, as the disposition of the prior action was based upon a lack of standing only and the Supreme Court has not yet considered the merits of the allegations (*see Landau, P.C. v LaRossa, Mitchell & Ross*, 11 NY3d 8, 14 [2008]; *Matter of Schulz v State of New York*, 81 NY2d 336 [1993]). To the extent that Giusti argues, as an alternate ground for affirmance (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539 [1983]), that the complaint should be dismissed insofar as asserted against him as barred by the doctrine of collateral estoppel, which issue had been asserted by Giusti in support of his motion to dismiss the complaint insofar as asserted against him, this contention is without merit. The dismissal of the prior action for lack of standing was not made on the merits and, therefore, a different judgment in the instant action would not "destroy or impair rights or interests established" in the prior action (*Conason v Megan Holding, LLC*, 25 NY3d 1, 18 [2015]).

Accordingly, the Supreme Court should have denied that branch of Giusti's motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against him as barred by the doctrine of res judicata. Leventhal, J.P., Cohen, Duffy and LaSalle, JJ., concur.