■ HECTOR M. ROSADA, Appellant, v MENDON TRUCK RENTALS, INC., et al., Respondents. [54 NYS3d 579]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered June 27, 2016, which granted defendants' mo-

tion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.

Plaintiff, a truck driver, commenced this action to recover for personal injuries he allegedly sustained as a result of the gap between the tailgate and the liftgate and the sloped angle of the liftgate of a truck owned and rented to his employer by defendants. Plaintiff testified that the wheel of a pallet jack loaded with an 800-pound boiler became caught in the gap and that when he maneuvered it free, the jack began rolling on the sloped liftgate, causing him to fall.

Defendants established prima facie that they had no actual notice of the alleged defective conditions by submitting deposition testimony and an affidavit by their rental branch manager at the time of the accident, plaintiff's deposition testimony, and service records for the truck at issue. In opposition, plaintiff raised a triable issue of fact whether defendants had constructive notice of the alleged defects by submitting an affidavit by a licensed engineer and motor vehicle inspector who opined that the alleged defects developed over the course of months as a result of wear and tear and improper maintenance. Contrary to defendants' contention, plaintiff's expert's opinions are based on evidence in the record, namely, plaintiff's description of the alleged gap (*see Grace v New York City Tr. Auth.*, 123 AD3d 401, 402 [1st Dept 2014]) and the photographs that he testified accurately depicted the alleged slope at the time of his accident (*see Laccone v Roslyn Chalet*, 128 AD3d 1020, 1023 [2d Dept 2015]), and are not inadmissible merely because the expert examined the truck more than a year after the accident occurred (*see Oboler v City of New York*, 8 NY3d 888, 890 [2007], *affg* 31 AD3d 308 [1st Dept 2006]).

We reject defendants' contention that plaintiff's use of the liftgate despite his knowledge of its alleged defects was the sole proximate cause of the accident. Defendants offered no evidence that the defects in the liftgate that they allegedly provided to plaintiff were ordinary and obvious hazards of his employment (*see Ercole v Academy Fence Co.*, 256 AD2d 305 [2d Dept 1998]). Concur—Sweeny, J.P., Renwick, Andrias, Kapnick and Kahn, JJ.