Bida v Port Auth. of N.Y. & N.J. (2019 NY Slip Op 04090)





Bida v Port Auth. of N.Y. & N.J.


2019 NY Slip Op 04090


Decided on May 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 28, 2019

Friedman, J.P., Gische, Tom, Webber, Gesmer, JJ.


9420 111370/10

[*1]Flutur Bida, Plaintiff-Appellant,
v
Port Authority of New York and New Jersey, et al., Defendants-Respondents.


Law Office of Arnold E. DiJoseph, P.C., New York (Arnold E. DiJoseph III of counsel), for appellant.
Port Authority Law Department, New York (Nicholas Mino of counsel), for Port Authority of New York and New Jersey, respondent.
D'Amato & Lynch, LLP, New York (David A. Boyar of counsel), for Modern Facilities Services, Inc., respondent.



Judgment, Supreme Court, New York County (James E. d'Auguste, J.), entered June 22, 2017, insofar as appealed from as limited by the briefs, dismissing the complaint as against defendant Port Authority of New York and New Jersey (Port Authority) upon a jury verdict in its favor, unanimously affirmed, without costs.
The jury's determination that the Port Authority's negligence was not a substantial factor in causing plaintiff's injuries was not against the weight of the credible evidence (see Dwight v New York City Tr. Auth., 30 AD3d 270, 270-271 [1st Dept 2006], lv denied 7 NY3d 711 [2006]). Given plaintiff's equivocal testimony as to the cause of her fall, it was entirely within the jury's province to conclude that she failed to meet her burden of proving that the cause of her fall was the Port Authority's failure to adequately maintain the stairwell on which she fell (see Weber v City of New York, 24 AD3d 130 [1st Dept 2005]).
Plaintiff's argument regarding the order of the interrogatories concerning the parties' liability on the verdict sheet is unpreserved for appellate review, since she did not object or take exception thereto at trial (see Ganaj v New York City Health & Hosps. Corp., 130 AD3d 536 [1st Dept 2015]; see also Grace v New York City Tr. Auth., 123 AD3d 401 [1st Dept 2014]). In any event, the court ordered the interrogatories in the manner identified in PJI 2:36, which is consistent with our jurisprudence on the order in which negligence and comparative negligence are to be considered (Rodriguez v City of New York, 31 NY3d 312 [2018]).
The court did not improvidently exercise its discretion in precluding plaintiff's expert engineer from testifying. Plaintiff's CPLR 3101(d) exchange indicated that the witness would testify that the Port Authority violated the New York City Building Code, with which it is not required to comply (see Love v Port Auth. of N.Y. & N.J., 168 AD2d 222 [1st Dept 1990]). Even were we to find that nonmandatory standards otherwise accepted in the relevant community at the relevant time provide some evidence of negligence, plaintiff's expert failed to show that the standards he relied on were accepted at the relevant time (see Hotaling v City of New York, 55 AD3d 396 [1st Dept 2008], affd 12 NY3d 862 [2009]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 28, 2019
CLERK