U.S. Bank Natl. Assn. v Friedman (2019 NY Slip Op 06526)





U.S. Bank Natl. Assn. v Friedman


2019 NY Slip Op 06526


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-00091
 (Index No. 32094/15)

[*1]U.S. Bank National Association, etc., respondent,
v
Leonard Friedman, et al., appellants, et al., defendants.


Allen A. Kolber, Suffern, NY, for appellants.
Duane Morris LLP, New York, NY (Brett L. Messinger of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Leonard Friedman and Karyn Friedman appeal from an order of the Supreme Court, Rockland County (Gerald E. Loehr, J.), dated November 16, 2017. The order denied the motion of those defendants pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them as barred by collateral estoppel and res judicata.
ORDERED that the order is affirmed, with costs.
In August 2011, the plaintiff commenced an action to foreclose a mortgage (hereinafter the prior action), alleging that the defendants Leonard Friedman and Karyn Friedman (hereinafter together the defendants) executed a mortgage on certain real property in Ramapo, securing a loan in the sum of $999,900. The plaintiff alleged that the defendants defaulted in their obligations under the note and mortgage by failing to make their monthly mortgage payment due April 1, 2011, and all payments due thereafter. By amended order dated March 21, 2014, the Supreme Court directed dismissal of the prior action following a trial on the issue of standing.
On May 13, 2015, the plaintiff commenced this action to foreclose the same mortgage which was the subject of the prior action. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them as barred by collateral estoppel and res judicata. The Supreme Court denied the motion, and the defendants appeal.
We agree with the Supreme Court's determination denying the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them on res judicata and collateral estoppel grounds. Under the doctrine of res judicata, or claim preclusion, "a disposition on the merits bars litigation between the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding" (Sciangula v Montegut, 165 AD3d 1188, 1190 [internal quotation marks omitted]; see Matter of Hunter, 4 NY3d 260, 269). Thus, a party seeking to assert res judicata must show the existence of a prior judgment on the merits between the same parties involving the same subject matter (see Matter of Hunter, 4 NY3d at 269; Ricatto v Mapliedi, 133 AD3d 737, 738). Here, as the prior action was dismissed for lack of standing, without reaching the merits of the foreclosure claim itself, the defendants failed to [*2]demonstrate that "a judgment on the merits exists between the same parties involving the same subject matter" (Ricatto v Mapliedi, 133 AD3d at 739; see U.S. Bank N.A. v Dellarmo, 128 AD3d 680, 681).
Collateral estoppel, or issue preclusion, " precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same"' (Bank of N.Y. Mellon v Chamoula, 170 AD3d 788, 790, quoting Ryan v New York Tel. Co., 62 NY2d 494, 500). "The party seeking to invoke collateral estoppel has the burden to show the identity of the issues, while the party trying to avoid application of the doctrine must establish the lack of a full and fair opportunity to litigate" (Matter of Dunn, 24 NY3d 699, 704; see Bank of N.Y. Mellon v Chamoula, 170 AD3d at 790).
Here, the defendants failed to demonstrate that the issue determined in the prior action, that the plaintiff did not have standing to commence that action because it failed to prove it had possession of the original endorsed note at the time that action was commenced, is identical to the issue to be determined here, which is whether the plaintiff had possession of the original endorsed note at the time this action was commenced on May 13, 2015. Accordingly, the defendants failed to show that the plaintiff was collaterally estopped from commencing this action (see Bank of N.Y. Mellon v Chamoula, 170 AD3d 788, 790-791; Nationstar Mtge., LLC v Cogen, 159 AD3d 428, 428-429).
The defendants' remaining contentions are without merit.
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court