Deutsche Bank Natl. Trust Co. v Murray (2019 NY Slip Op 07768)





Deutsche Bank Natl. Trust Co. v Murray


2019 NY Slip Op 07768


Decided on October 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HECTOR D. LASALLE
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2017-05264
 (Index No. 20206/13)

[*1]Deutsche Bank National Trust Company, etc., appellant, 
v
Frederick O. Murray, et al., respondents, et al., defendants.


Gross Polowy, LLC, Westbury, NY (Richard Kwon and Stephen J. Vargas of counsel), for appellant.
Woods Lonergan PLLC, New York, NY (James F. Woods and Jenna A. Gallagher of counsel), for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated February 24, 2017. The order, insofar as appealed from, upon reargument, adhered to a prior determination in an order of the same court dated January 22, 2016, granting the motion of the defendants Frederick O. Murray, Isoline N. Lewin, and Fay M. Roye pursuant to CPLR 3211(a)(3) and (5) to dismiss the complaint insofar as asserted against them.
ORDERED that the order dated February 24, 2017, is reversed insofar as appealed from, on the law, with costs, upon reargument, the order dated January 22, 2016, is vacated, and the motion of the defendants Frederick O. Murray, Isoline N. Lewin, and Fay M. Roye pursuant to CPLR 3211(a)(3) and (5) to dismiss the complaint insofar as asserted against them is denied.
On January 19, 2006, the defendants Frederick O. Murray, Isoline N. Lewin, and Fay M. Roye (hereinafter collectively the defendants) executed and delivered to nonparty Fremont Investment & Loan (hereinafter Fremont) a note evidencing their obligation to repay the sum of $309,000 to Fremont. The note was secured by a mortgage on residential property located in Brooklyn. In 2010, the plaintiff commenced an action (hereinafter the prior action) against the defendants and others to foreclose the mortgage. In an order dated July 19, 2012, the Supreme Court granted the defendants' motion to dismiss the complaint insofar as asserted against them for lack of standing.
In November 2013, the plaintiff commenced this action against the defendants and others to foreclose the mortgage. The defendants moved pursuant to CPLR 3211(a)(3) and (5) to dismiss the complaint insofar as asserted against them on the grounds that the plaintiff lacked standing and that this action was barred by the doctrine of collateral estoppel because the issue of standing had been litigated in the prior action. The Supreme Court granted the defendants' motion to dismiss. In May 2016, the plaintiff moved pursuant to CPLR 2221(d) for leave to reargue its opposition to the defendants' motion to dismiss. In the order appealed from, the court granted reargument, but adhered to its prior determination.
On a defendant's motion pursuant to CPLR 3211(a)(3) to dismiss the complaint based upon the plaintiff's alleged lack of standing, "the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing as a matter of law" (New York Community Bank v McClendon, 138 AD3d 805, 806; see CPLR 3211[a][3]; Bank of N.Y. Mellon v Chamoula, 170 AD3d 788; U.S. Bank N.A. v Clement, 163 AD3d 742, 743; Arch Bay Holdings, LLC-Series 2010B v Smith, 136 AD3d 719). "To defeat a defendant's motion, the plaintiff has no burden of establishing its standing as a matter of law; rather, the motion will be defeated if the plaintiff's submissions raise a question of fact as to its standing" (Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d 52, 60; see U.S. Bank, N.A. v Noble, 144 AD3d 786, 787-788; New York Community Bank v McClendon, 138 AD3d at 806). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 360-361; U.S. Bank, N.A. v Noble, 144 AD3d at 787; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753-754). Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident (see Bank of N.Y. Mellon v Chamoula, 170 AD3d 788; Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011; Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d 861, 862).
Here, the defendants failed to meet their burden of establishing, prima facie, that the plaintiff lacked standing to commence this action. "The attachment of an endorsed note to the complaint in a foreclosure action is sufficient to demonstrate, prima facie, that the plaintiff was the holder of the note when the action was commenced" (Bank of N.Y. Mellon v Chamoula, 170 AD3d 788, 791; see CitiMortgage, Inc. v McKenzie, 161 AD3d 1040, 1041; Nationstar Mtge., LLC v Catizone, 127 AD3d 1151, 1152). The defendants' submissions in support of their motion included a copy of the complaint, to which was attached a copy of the note with an allonge containing an endorsement in blank by Fremont, the original lender. Since the defendants failed to eliminate questions of fact as to the plaintiff's standing as the holder of the note at the time of the commencement of this action, the Supreme Court, upon reargument, should have denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against them (see Bank of N.Y. Mellon v Chamoula, 170 AD3d 788; BAC Home Loans Servicing, LP v Rychik, 161 AD3d 924, 925-926; New York Community Bank v McClendon, 138 AD3d at 806; HSBC Mtge. Corp. [USA] v MacPherson, 89 AD3d 1061, 1062).
Contrary to the defendants' contentions, "[t]here is simply no requirement that an entity in possession of a negotiable instrument that has been endorsed in blank must establish how it came into possession of the instrument in order to be able to enforce it" (JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645; see UCC 3-204[2]). Further, "where the note is affixed to the complaint, it is unnecessary to give factual details of the delivery in order to establish that possession was obtained prior to a particular date'" (Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d at 863, quoting JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d at 645; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362).
The defendants also failed to establish that the plaintiff was collaterally estopped from bringing the instant action. The doctrine of collateral estoppel "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (Ryan v New York Tel. Co., 62 NY2d 494, 500; see Bank of N.Y. Mellon v Chamoula, 170 AD3d 788). The doctrine of collateral estoppel applies when: "(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and decided, (3) there was a full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits" (Conason v Megan Holding, LLC, 25 NY3d 1, 17 [internal quotation marks omitted]; see Bank of N.Y. Mellon v Chamoula, 170 AD3d 788). "The party seeking to invoke collateral estoppel has the burden to show the identity of the issues, while the party trying to avoid application of the doctrine must establish the lack of a full and fair opportunity to litigate" (Matter of Dunn, 24 NY3d 699, 704; see Bank of N.Y. Mellon v Chamoula, 170 AD3d 788; Karakash v Trakas, 163 AD3d 788, 789; Clifford v County of Rockland, [*2]140 AD3d 1108, 1110).
In the order appealed from, the Supreme Court concluded that the plaintiff was collaterally estopped from bringing the instant action because it was based upon "the same evidence and proof of standing" as in the prior action. However, the test is whether there was an identity of issues, and there is none. In the prior action, the plaintiff failed to establish that it had possession of the original endorsed note at the time that action was commenced, while in the present action, the issue is whether the plaintiff had possession of the original endorsed note at the time this action was commenced (see U.S. Bank Natl. Assn. v Friedman, _____ AD3d _____, 2019 NY Slip Op 06526 [2d Dept 2019]). Moreover, contrary to the Supreme Court's conclusion, the evidence relied upon by the plaintiff in the instant action was different from the evidence offered in the prior action in one critical respect—in this action, unlike in the prior action, the plaintiff attached the endorsed note to the complaint at the time the instant action was commenced, thereby demonstrating that "the note was in its possession prior to the commencement of the action" (U.S. Bank N.A. v Saravanan, 146 AD3d at 1011; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d at 645; Deutsche Bank Natl. Trust Co. v Leigh, 137 AD3d 841, 842; Nationstar Mtge., LLC v Catizone, 127 AD3d at 1152). Thus, whereas in the prior action, the absence of a date of transfer on the endorsement meant that there was no evidence to establish that the plaintiff had physical possession of the note at the time the prior action was commenced, the fact that the endorsement was undated was irrelevant in this action.
Accordingly, since the defendants failed to establish that the issue of the plaintiff's standing to commence the prior action was identical to the issue of the plaintiff's standing to commence the instant action, the court, upon reargument, should have denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them based on the doctrine of collateral estoppel.
CHAMBERS, J.P., LASALLE, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court