Matter of Singh v New York State Div. of Human Rights (2020 NY Slip Op 05213)





Matter of Singh v New York State Div. of Human Rights


2020 NY Slip Op 05213


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-12174
 (Index No. 3304/16)

[*1]In the Matter of Jamwantie Singh, petitioner/cross respondent,
v
New York State Division of Human Rights, respondent/cross petitioner, Petulah Gittens, etc., respondent.


Hattie F. Ragone, Staten Island, NY (Amish Doshi of counsel), for petitioner/cross respondent.
Caroline J. Downey, Bronx, NY (Toni Ann Hollifeld of counsel), for respondent/cross petitioner.



DECISION & JUDGMENT
Proceeding pursuant to Executive Law § 298 and CPLR article 78 to review an amended determination of the Commissioner of the New York State Division of Human Rights dated February 10, 2016, and cross petition by the New York State Division of Human Rights pursuant to Executive Law § 298 to enforce the determination. The amended determination, after a hearing, found that the petitioner unlawfully discriminated against the complainant on the basis of her race, and awarded her compensatory damages for mental anguish in the principal sum of $10,000, punitive damages in the principal sum of $5,000, and damages for economic loss in the principal sum of $1,620, and assessed a civil fine and penalty in the principal sum of $10,000.
ADJUDGED that the amended determination is confirmed, the petition is denied, the proceeding is dismissed on the merits, and the cross petition is granted, with costs.
The complainant, Petulah Gittens, lived in an apartment building owned by the petitioner/cross respondent, Jamwantie Singh. In April 2014, Singh allegedly told Gittens that Gittens would have to move out as there were too many black people in the building. In June 2014, Singh commenced a holdover proceeding in Housing Court against Gittens. The matter was settled by a stipulation of settlement on October 9, 2014.
In August 2014, Gittens filed a complaint with the respondent/cross petitioner, New York State Division of Human Rights (hereinafter NYSDHR), alleging that Singh had discriminated against her on the basis of her race. Following a hearing, the administrative law judge (hereinafter ALJ) issued a recommended findings of fact, decision, and order dated December 17, 2015, finding that Singh had discriminated against Gittens based on her race and awarding Gittens compensatory damages for mental anguish in the principal sum of $10,000, punitive damages in the principal sum of $5,000, and damages for economic loss in the principal sum of $1,620, and assessing a civil fine and penalty in the principal sum of $10,000. In an amended determination dated February 10, 2016, the NYSDHR adopted the ALJ's order in its entirety.
Singh commenced this proceeding pursuant to Executive Law § 298 and CPLR article [*2]78 to review the NYSDHR's amended determination, and the NYSDHR cross-petitioned to enforce the amended determination. By order dated June 2, 2017, the Supreme Court transferred this proceeding to this Court pursuant to CPLR 7804(g). We deny the petition and grant the cross petition.
Contrary to Singh's contention, this proceeding pursuant to the Human Rights Law is not barred by res judicata because of the prior proceeding between Singh and Gittens in Housing Court. "Under the doctrine of res judicata, a final judgment precludes reconsideration of all claims which could have or should have been litigated in the prior proceedings against the same party" (Breslin Realty Dev. Corp. v Shaw, 72 AD3d 258, 263; see Goldman v Rio, 104 AD3d 729, 730). However, the doctrine of res judicata does not apply where the remedy that the plaintiff seeks in the subsequent proceeding was unavailable to the litigant in the prior proceeding (see 172 Van Duzer Realty Corp. v Globe Alumni Student Assistance Assn., Inc., 24 NY3d 528, 534; Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 348). The proceeding in Housing Court, which is a court of limited jurisdiction and only allows for proceedings for the recovery of possession of real property and for the collection of rent (see NY City Civ Ct Act § 204; RPAPL 711), did not allow Gittens to assert claims for discrimination and obtain compensatory and punitive damages.
Moreover, this proceeding is not barred by collateral estoppel. Under collateral estoppel, relitigation of an issue which has necessarily been decided in a prior action and is determinative of the issues disputed in the present action is precluded provided that there was a full and fair opportunity to contest the decision now alleged to be controlling (see Capellupo v Nassau Health Care Corp., 97 AD3d 619, 621; Breslin Realty Dev Corp. v Shaw, 72 AD3d at 263). "[C]ollateral estoppel . . . will only be given to matters 'actually litigated and determined' in a prior action" or proceeding (Kaufman v Eli Lilly & Co., 65 NY2d 449, 456). However, an issue is not actually litigated if it was settled by stipulation (see id.). Here, the holdover proceeding was settled by stipulation, and therefore "the doctrine of collateral estoppel is not applicable since the issues resolved by the stipulation of settlement were never actually litigated" (Pawling Lake Prop. Owners Assn., Inc. v Greiner, 72 AD3d 665, 668; see Douglas Elliman, LLC v Silver, 143 AD3d 752, 755). Further, as noted above, the claims of discrimination and demands for damages related thereto were not before the Housing Court.
Finally, there is no reason to disturb the awards for damages. "Deference must be accorded to the agency's assessment of damages in view of its special experience in weighing the merit and value of mental anguish claims" (Matter of New York State Div. of Human Rights v Stennett, 98 AD3d 512, 514, quoting Matter of New York State Div. of Human Rights v Caprarella, 82 AD3d at 775). The agency's determination should be upheld so long as it "'is reasonably related to the wrongdoing, is supported by substantial evidence, and is similar to comparable awards for similar injuries'" (Matter of New York State Div. of Human Rights v Ben Rottenstein Assoc., Inc., 89 AD3d 852, 853, quoting Matter of MTA Trading, Inc. v Kirkland, 84 AD3d 811, 814). Here, the damages awards are rational, supported by substantial evidence in the record, and similar to comparable awards (see New York State Div. of Human Rights v Caprarella, 82 AD3d at 775; Matter of Matteo v New York State Div. of Human Rights, 306 AD2d 484).
Accordingly, we confirm the amended determination, deny the petition, dismiss the proceeding on the merits, and grant the cross petition.
RIVERA, J.P., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court