Lannon v Everest Natl. Ins. Co. (2023 NY Slip Op 00313)

Lannon v Everest Natl. Ins. Co.

2023 NY Slip Op 00313

Decided on January 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-05003
 (Index No. 606589/19)

[*1]Steven W. Lannon, appellant, 
v
Everest National Insurance Company, respondent, et al., defendant.

Kujawski & Kujawski, Deer Park, NY (Mark C. Kujawski of counsel), for appellant.
Kennedys CMK LLP, New York, NY (Ann Odelson of counsel), for respondent.

DECISION & ORDER
In an action for a declaratory judgment regarding insurance coverage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Denise F. Molia, J.), dated June 4, 2020. The order, insofar as appealed from, granted that branch of the motion of the defendant Everest National Insurance Company which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Everest National Insurance Company which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it is denied.
On August 19, 2009, the plaintiff was injured in the course of his employment as a carpenter for nonparty McM Homes, Inc. (hereinafter McM), a subcontractor hired by a general contractor, the defendant Bay Creek Builders, LLC (hereinafter Bay Creek). The defendant Everest National Insurance Company (hereinafter Everest) had issued a general liability insurance policy to McM that was in effect at the time of the plaintiff's injury.
In March 2010, the plaintiff commenced a personal injury action against Bay Creek, among others. He asserted causes of action to recover damages for negligence and violations of Labor Law §§ 200 and 240(1).
In February 2011, while the personal injury action was still pending, the plaintiff commenced an action for a judgment declaring the legal rights amongst several parties, including Everest, alleging that Everest failed to add Bay Creek as an additional insured under the policies covering McM (hereinafter the prior declaratory judgment action). In an order dated June 14, 2012, the Supreme Court, inter alia, granted that branch of Everest's motion which was pursuant to CPLR 3211(a) to dismiss the complaint in the prior declaratory judgment action insofar as asserted against it based upon the plaintiff's lack of standing, noting that the plaintiff had not alleged that he had satisfied the prerequisites of Insurance Law § 3420.
After obtaining a judgment in the personal injury action against Bay Creek, the plaintiff commenced the instant action for a declaratory judgment alleging, inter alia, that McM was to add Bay Creek as an additional insured. Everest moved, among other things, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it, arguing, inter alia, that this action was barred by the doctrines of res judicata and collateral estoppel. In an order dated June 4, 2020, the Supreme Court, among other things, granted that branch of Everest's motion, concluding that the instant action was barred by the doctrine of res judicata. The plaintiff appeals.
"The doctrine of res judicata precludes a party from litigating 'a claim where a judgment on the merits exits from a prior action between the same parties involving the same subject matter'" (Matter of Josey v Goord, 9 NY3d 386, 389, quoting Matter of Hunter, 4 NY3d 260, 269). Thus, a party asserting that an action is barred by the doctrine of res judicata must show the existence of a prior judgment on the merits between the same parties involving the same subject matter (see Matter of Hunter, 4 NY3d at 269; Ricatto v Mapliedi, 133 AD3d 737, 738). Here, as the prior declaratory judgment action was dismissed based on the plaintiff's lack of standing, without the merits of the plaintiff's allegations having been reached, Everest failed to demonstrate that "a judgment on the merits exist[ed] between the same parties involving the same subject matter" (Ricatto v Mapliedi, 133 AD3d at 739).
Everest's contention that the complaint should be dismissed insofar as asserted against it as barred by the doctrine of either collateral estoppel or res judicata because the plaintiff's claims in this action are predicated on his status as a subrogee of Bay Creek's rights (see Spencer v Tower Ins. Group Corp., 130 AD3d 709, 710) is without merit. Everest failed to provide a judgment on the merits that determined that Everest need not indemnify Bay Creek (see Pereira v St. Joseph's Cemetery, 78 AD3d 1141, 1142).
Accordingly, the Supreme Court should have denied that branch of Everest's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., BARROS, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court