George v Bainbridge St Realty II, Inc. (2023 NY Slip Op 05490)

George v Bainbridge St Realty II, Inc.

2023 NY Slip Op 05490

Decided on November 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
HELEN VOUTSINAS, JJ.

2021-05666
 (Index No. 515521/20)

[*1]Dick George, respondent, 
v
Bainbridge St Realty II, Inc., appellant.

The Rosenfeld Law Office, Lawrence, NY (Avinoam Rosenfeld of counsel), for appellant.
Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to determine claims to certain real property, the defendant appeals from an order of the Supreme Court, Kings County (Lillian Wan, J.), dated July 15, 2021. The order denied the defendant's motion, in effect, for summary judgment, inter alia, declaring that it is the lawful owner of the subject real property.
ORDERED that the order is affirmed, with costs.
In August 2020, the plaintiff commenced this action, inter alia, pursuant to RPAPL article 15 for a judgment declaring that a deed dated December 20, 2017, conveying certain real property in Brooklyn (hereinafter the property) from Carmen Arias to the defendant is null and void. The complaint alleged that Arias had no ownership interest in the property when she purported to transfer it to the defendant because she had previously transferred her interest in the property to Mary Banks by deed dated October 21, 2011, and that the plaintiff was the fee simple owner of the property as a result of Banks's subsequent conveyance of the property to him by deed dated May 22, 2014 (hereinafter the May 2014 deed).
The defendant moved, in effect, for summary judgment, inter alia, declaring that it is the lawful owner of the property. In an order dated July 15, 2021, the Supreme Court denied the motion. The defendant appeals.
This action is not barred by the doctrine of res judicata, which "precludes a party from litigating 'a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter'" (Matter of Josey v Goord, 9 NY3d 386, 389, quoting Matter of Hunter, 4 NY3d 260, 269). Thus, a party asserting that an action is barred by the doctrine of res judicata must show the existence of a prior judgment on the merits between the same parties involving the same subject matter (see Matter of Hunter, 4 NY3d at 269; Lannon v Everest Natl. Ins. Co., 212 AD3d 798, 799; Ricatto v Mapliedi, 133 AD3d 737, 738-739). Here, the defendant did not demonstrate, prima facie, that a judgment on the merits exists between the same parties involving the same subject matter as this action.
The defendant also failed to demonstrate, prima facie, that this action is time-barred. Pursuant to CPLR 212(a), "[a]n action to recover real property or its possession cannot be commenced unless the plaintiff, or his [or her] predecessor in interest, was seized or possessed of [*2]the premises within ten years before the commencement of the action" (see Morgan v Suco, 204 AD3d 785, 785). In support of its motion, the defendant did not proffer any evidence that the plaintiff had not possessed the property within the last 10 years.
Finally, the defendant's contention that the plaintiff no longer has an interest in the property because Banks died on November 23, 2014, and the May 2014 deed only granted the plaintiff an interest in the property for the life of Banks, is without merit. "The construction of deeds is a matter of law" (Blangiardo v Horstmann, 32 AD3d 876, 879; see Real Property Law § 240[3]). "Every instrument creating [or] transferring . . . an estate or interest in real property must be construed according to the intent of the parties, so far as such intent can be gathered from the whole instrument, and is consistent with the rules of law" (Real Property Law § 240[3]; see Al's Atl., Inc. v Shatma, LLC, 109 AD3d 491, 492). The intent of the parties is manifested by the language of the deed, and unless the deed is ambiguous, "evidence of unexpressed, subjective intentions of the parties is irrelevant" (Perry v Edwards, 79 AD3d 1629, 1630 [internal quotation marks omitted]). However, where "the language used in a deed is ambiguous such that it is susceptible of more than one interpretation, the courts will look beyond the written instrument to the surrounding circumstances" (Al's Atl., Inc. v Shatma, LLC, 109 AD3d at 492; see Matter of New Cr. Bluebelt, Phase 4, 79 AD3d 888, 891). In this case, the May 2014 deed is ambiguous and did not conclusively demonstrate that the plaintiff's interest in the property expired upon Banks's death.
Accordingly, the Supreme Court properly denied the defendant's motion, in effect, for summary judgment, inter alia, declaring that it is the lawful owner of the property.
DUFFY, J.P., IANNACCI, CHRISTOPHER and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court