Deutsche Bank Natl. Trust Co. v Martinez (2025 NY Slip Op 04874)

Deutsche Bank Natl. Trust Co. v Martinez

2025 NY Slip Op 04874

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2020-09221
 (Index No. 512825/16)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Analilia Martinez, etc., et al., appellants, et al., defendants.

Alice A. Nicholson, Brooklyn, NY, for appellant.
Adam Leitman Bailey, P.C., New York, NY (Jeffrey R. Metz, Jackie Halpern Weinstein, and Danny Ramrattan of counsel), for respondent.

DECISION & ORDER
In an action pursuant to RPAPL article 15 to determine claims to real property and for declaratory relief, the defendants Analilia Martinez, Isabel E. Tlatelpa, and Horacio Tlatelpa appeal from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated October 27, 2020. The order granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against Victoria Tlatelpa and to direct the Office of the City Register of the City of New York, Kings County, to record a duplicate copy of the subject mortgage, and denied the cross-motion of Victoria Tlatelpa for summary judgment dismissing the complaint insofar as asserted against her.
ORDERED that the appeal from so much of the order as granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against Victoria Tlatelpa and to direct the Office of the City Register of the City of New York, Kings County, to record a duplicate copy of the subject mortgage, and denied that branch of the cross-motion of Victoria Tlatelpa which was for summary judgment dismissing the complaint insofar as asserted against her for lack of standing, is dismissed, without costs or disbursements; and it is further,
ORDERED that the order is affirmed insofar as reviewed, without costs or disbursements.
On March 15, 2005, Victoria Tlatelpa (hereinafter the decedent) executed a note in the amount of $600,000 in favor of Washington Mutual Bank, FA (hereinafter WaMu). The note was secured by a mortgage on certain real property located in Brooklyn, but the mortgage was not recorded. On July 22, 2016, the plaintiff, WaMu's successor in interest, commenced this action against the decedent, among others, seeking, inter alia, to compel the decedent to execute a "duplicate original" of the mortgage or, in the alternative, to direct the Office of the City Register of the City of New York, Kings County, to record a duplicate copy of the mortgage. In her answer, the decedent asserted several affirmative defenses, including that the plaintiff lacked standing and that the action was time-barred. The plaintiff moved for summary judgment on the complaint insofar as asserted against the decedent and to direct the Office of the City Register of the City of New York, Kings County, to record a duplicate copy of the mortgage. In support, the plaintiff submitted copies [*2]of the note, endorsed in blank, and the mortgage. The plaintiff also submitted, among other things, an affidavit of Ronaldo Reyes, a vice president of the plaintiff. Reyes stated that he was familiar with the plaintiff's records and record-keeping practices, and that, according to those business records, the plaintiff "received the original note" on July 25, 2005. Reyes further stated that, "[u]pon receipt by [the plaintiff], the Note and Mortgage were placed in a secure file room for safe keeping."
The decedent opposed the plaintiff's motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against her, contending that the plaintiff lacked standing to enforce the mortgage and that the action was time-barred because the plaintiff commenced a prior action for identical relief against the decedent in 2014 that was dismissed by order dated January 29, 2016, for lack of standing. In an order dated October 27, 2020, the Supreme Court granted the plaintiff's motion and denied the decedent's cross-motion. The decedent appealed from the order and died while this appeal was pending. Analilia Martinez, Isabel E. Tlatelpa, and Horacio Tlatelpa (hereinafter collectively the appellants), as administrators of the decedent's estate, were substituted for the decedent.
The Supreme Court properly denied that branch of the decedent's cross-motion which was for summary judgment dismissing the complaint insofar as asserted against her as time-barred. The instant action was timely commenced within six months following the termination of the prior action on January 29, 2016 (see CPLR 205[a]; 205-a; Pryce v U.S. Bank, N.A., 226 AD3d 711, 713; Sperry Assoc. Fed. Credit Union v John, 218 AD3d 707, 710). Contrary to the appellants' contention, the plaintiff was entitled to the benefit of the savings provision of CPLR 205(a) and 205-a(a), as the dismissal of the prior action for lack of standing did not constitute a "final judgment upon the merits" (see Lannon v Everest Natl. Ins. Co., 212 AD3d 798, 799; Ricatto v Mapliedi, 133 AD3d 737, 739).
However, we dismiss the appeal from so much of the order as granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against the decedent and to direct the Office of the City Register of the City of New York, Kings County, to record a duplicate copy of the mortgage, and denied that branch of the decedent's cross-motion which was for summary judgment dismissing the complaint insofar as asserted against her for lack of standing. "'Pursuant to CPLR 5526, [i]t is the obligation of the appellant to assemble a proper record on appeal, and the record must contain all of the relevant papers that were before the Supreme Court'" (Sterling Trust Ltd. v Stern, 237 AD3d 1236, 1236, quoting Fitzpatrick v Affairs & Banquets Floral Servs., Inc., 227 AD3d 954, 954; see Wilmington Trust, N.A. v Donadio, 218 AD3d 519). Here, the record on appeal does not contain the business records that were annexed to Reyes's affidavit and submitted by the plaintiff to establish its standing before the Supreme Court. Since the record is inadequate to enable this Court to render an informed decision on the merits regarding so much of the appeal as relates to the issue of standing, so much of the appeal as relates to that issue must be dismissed (see 126 Henry St., Inc. v Cater, 197 AD3d 598, 601; US Bank Trust, N.A. v Williams, 168 AD3d 1122, 1122-1123).
IANNACCI, J.P., MILLER, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court