Matter of Coritsidis v New York City Dept. of Educ. (2025 NY Slip Op 05521)

Matter of Coritsidis v New York City Dept. of Educ.

2025 NY Slip Op 05521

Decided on October 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2024-01654
 (Index No. 701279/24)

[*1]In the Matter of Peter Coritsidis, etc., appellant,
v
New York City Department of Education, respondent.

Peter Coritsidis, Forest Hills, NY, appellant pro se.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Melanie T. West and Diana Lawless of counsel), for respondent.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action for declaratory and injunctive relief, the petitioner/plaintiff appeals from a judgment of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered February 15, 2024. The judgment denied the petition and dismissed the proceeding/action.
ORDERED that the judgment is modified, on the law, by deleting the provision thereof dismissing the cause of action for declaratory relief, and adding thereto a provision declaring that the repeal of the religious exemption from the mandatory school vaccination requirements pursuant to Public Health Law § 2164 is constitutional; as so modified, the judgment is affirmed, with costs to the respondent/defendant.
On June 13, 2019, the New York State Legislature repealed the religious exemption from the mandatory school vaccination requirements for children who attend public and private schools in New York State (Public Health Law § 2164, as amended by L 2019, ch 35, §§ 1, 2).
On or about October 11, 2023, the respondent/defendant, New York City Department of Education (hereinafter NYCDOE), advised the petitioner/plaintiff (hereinafter the petitioner) that his daughter, L.C., could not return to school unless proof of mandatory school vaccinations was provided.
On October 25, 2023, the petitioner commenced a hybrid proceeding pursuant to CPLR article 78 and action against NYCDOE, inter alia, for injunctive relief and a judgment declaring that the current vaccine policy requiring children to be vaccinated to attend school was unconstitutional (hereinafter the 2023 proceeding/action). In an order and judgment (one paper) entered November 3, 2023, the Supreme Court denied the petition, for failure to exhaust administrative remedies, denied the petitioner's application for a preliminary injunction, and dismissed the 2023 proceeding/action.
On January 18, 2024, the petitioner commenced this hybrid proceeding pursuant to CPLR article 78 and action for declaratory and injunctive relief against NYCDOE on behalf of L.C. [*2]after his request for a medical exemption from the mandatory school vaccination requirements was denied. The petitioner alleges, among other things, that NYCDOE's denial of the request for a medical exemption from the mandatory school vaccination requirements was arbitrary and capricious and affected by an error of law and seeks a judgment declaring, in effect, that the repeal of the religious exemption from the mandatory school vaccination requirements pursuant to Public Health Law § 2164 is unconstitutional. In a judgment entered February 15, 2024, the Supreme Court denied the petition, inter alia, pursuant to the doctrine of res judicata based on the court's prior determination in the order and judgment entered November 3, 2023, rendered in the 2023 proceeding/action, and dismissed the instant proceeding/action. The petitioner appeals from the judgment entered February 15, 2024. We conclude that the petitioner is not entitled to relief, albeit on grounds different than those relied upon by the court (see Colucci v Gas Land Petroleum, Inc., 229 AD3d 681, 681).
The doctrine of res judicata "precludes a party from litigating a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter" (Ciafone v City of New York, 227 AD3d 946, 948 [internal quotation marks omitted]; see Lannon v Everest Natl. Ins. Co., 212 AD3d 798, 799). Here, the denial of the petition in the 2023 proceeding/action for failure to exhaust administrative remedies was not a determination on the merits. While the Supreme Court denied the petitioner's application for a preliminary injunction for failure to demonstrate a likelihood of success on the merits, it is well established that "[t]he denial of a motion for a preliminary injunction does not constitute . . . an adjudication on the merits" (Newrez, LLC v City of Middletown, 216 AD3d 655, 656; see Town of Concord v Duwe, 4 NY3d 870, 875). Moreover, to the extent the petitioner challenges NYCDOE's denial of his request for a medical exemption as arbitrary and capricious, that issue was not litigated in the 2023 proceeding/action (see Matter of Singh v New York State Div. of Human Rights, 186 AD3d 1694, 1695). Furthermore, the petitioner's constitutional challenges to the repeal of the religious exemption from the mandatory school vaccination requirements pursuant to Public Health Law § 2164 were not resolved on the merits in the 2023 proceeding/action. Accordingly, the petitioner's challenges herein are not barred by the doctrine of res judicata (see Newrez, LLC v City of Middletown, 216 AD3d at 656).
Nevertheless, in this hybrid proceeding and action, alleging, among other things, that NYCDOE's denial of the request for a medical exemption from the mandatory school vaccination requirements pursuant to Public Health Law § 2164 was arbitrary and capricious and affected by an error of law, the petitioner is not entitled to relief pursuant to CPLR article 78 because he failed to exhaust his administrative remedies or to establish that an exception to the exhaustion doctrine was applicable (see CPLR 7801[1]; 7803 [3]; Matter of World Motors, Inc. v Dugan, 226 AD3d 1037, 1038; Matter of Dozier v New York City, 130 AD2d 128, 135).
Further, the petitioner's constitutional challenges to the repeal of the religious exemption from the mandatory school vaccination requirements pursuant to Public Health Law § 2164 are without merit (see F.F. v State of New York, 194 AD3d 80, 89-90; Phillips v City of New York, 775 F3d 538, 542-544 [2d Cir]; see generally Ingraham v Wright, 430 US 651, 664). However, instead of dismissing the cause of action for declaratory relief, the Supreme Court should have made a declaration in favor of NYCDOE (see Lanza v Wagner, 11 NY2d 317, 334; Rockland Light & Power Co. v City of New York, 289 NY 45, 51). Accordingly, we modify the judgment so as to delete the provision thereof dismissing the cause of action for declaratory relief, and add thereto a provision declaring that the repeal of the religious exemption from the mandatory school vaccination requirements pursuant to Public Health Law § 2164 is constitutional.
The parties' remaining contentions need not be reached in light of our determination.
GENOVESI, J.P., CHRISTOPHER, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court