HSBC Bank USA, N.A. v Pantel (2020 NY Slip Op 00109)





HSBC Bank USA, N.A. v Pantel


2020 NY Slip Op 00109


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-03547
 (Index No. 59123/17)

[*1]HSBC Bank USA, National Association, etc., appellant, 
v
Marc Pantel, etc., et al., respondents, et al., defendants.


Shapiro, DiCaro & Barak, LLC, Rochester, NY (Virginia Grapensteter and Austin Shufelt of counsel), for appellant.
Reich, Reich & Reich, P.C., White Plains, NY (Nicholas A. Pasalides of counsel), for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Westchester County (Lawrence H. Ecker, J.), dated February 26, 2018. The order granted the motion of the defendants Marc Pantel and Carol Pantel pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants Marc Pantel and Carol Pantel pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them is denied.
In 2013, the plaintiff commenced an action (hereinafter the prior action) to foreclose a mortgage securing a consolidated note executed by the defendants Marc Pantel and Carol Pantel (hereinafter together the defendants). The defendants interposed an answer in which they asserted as an affirmative defense that the plaintiff did not have standing. After a trial on the issue of standing, a Court Attorney Referee issued a report in which she concluded that the plaintiff had failed to establish that it had standing. The Supreme Court confirmed the report and entered a judgment dismissing the prior action.
Thereafter, the plaintiff commenced the instant action to foreclose the same mortgage, alleging that it was the owner and holder of the consolidated note and mortgage. Prior to joining issue, the defendants moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them, arguing that the instant action was barred by res judicata and/or collateral estoppel. The plaintiff opposed the motion. In an order dated February 26, 2018, the Supreme Court granted the defendants' motion, and the plaintiff appeals.
Under the doctrine of res judicata, or claim preclusion, "a disposition on the merits bars litigation between the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding" (Sciangula v Montegut, 165 AD3d 1188, 1190 [internal quotation marks omitted]; see Matter of Hunter, 4 NY3d 260, 269). Thus, a party seeking to assert res judicata must show the existence of a prior judgment on the merits between the same [*2]parties, or those in privity with them, involving the same subject matter (see Matter of Hunter, 4 NY3d at 269; Ricatto v Mapliedi, 133 AD3d 737, 738). Here, as the prior action was dismissed for lack of standing, without reaching the merits of the foreclosure claim itself, the defendants failed to demonstrate that "a judgment on the merits exists between the same parties involving the same subject matter" (Ricatto v Mapliedi, 133 AD3d at 739; see U.S. Bank N.A. v Dellarmo, 128 AD3d 680, 681). "To accord res judicata effect to the [judgment in the prior action] would bar a court from ever addressing the merits of plaintiff's mortgage foreclosure claim, even if plaintiff became able to demonstrate its standing to sue, and there is nothing in the record to suggest . . . [that there are] exceptional circumstances or an unreasonable neglect to prosecute that would warrant such an extreme sanction" (State of New York Mtge. Agency v Massarelli, 167 AD3d 1296, 1298 [citation and internal quotation marks omitted]).
Collateral estoppel, or issue preclusion, " precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same'" (Bank of N.Y. Mellon v Chamoula, 170 AD3d 788, 790, quoting Ryan v New York Tel. Co., 62 NY2d 494, 500). "The party seeking to invoke collateral estoppel has the burden to show the identity of the issues, while the party trying to avoid application of the doctrine must establish the lack of a full and fair opportunity to litigate" (Matter of Dunn, 24 NY3d 699, 704; see Bank of N.Y. Mellon v Chamoula, 170 AD3d at 790).
Here, the defendants failed to demonstrate that the issue of whether the plaintiff has standing under the circumstances of this action was identical to the issue adjudicated in the prior action (see HSBC Bank USA, N.A. v Carchi, 177 AD3d 710; Deutsche Bank Natl. Trust Co. v Murray, 176 AD3d 1172; US Bank N.A. v Friedman, 175 AD3d 1341, 1342-1343; Nationstar Mtge., LLC v Cogen, 159 AD3d 428, 428-429). In the prior action, the plaintiff failed to establish that it had possession of the original endorsed note at the time that action was commenced, while in the present action, the issue is whether the plaintiff had possession of the original endorsed note at the time this action was commenced (see Deutsche Bank Natl. Trust Co. v Murray, 176 AD3d 1172). In the prior action, the plaintiff failed to annex a copy of the note to the complaint, and the Supreme Court held that it failed to establish standing based upon possession of the note at the time of commencement of the prior action. Although the copy of the complaint in this action that the defendants submitted in support of their motion did not include the attachment, we take judicial notice of the fact that the complaint filed in this action, which is available electronically on the New York State Courts Electronic Filing System, included the note as an attachment (see Wells Fargo Bank, N.A. v Ballard, 172 AD3d 1440, 1442).
Accordingly, the Supreme Court should have denied the defendants' motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them.
MASTRO, J.P., DILLON, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court