PNMAC Mtge. Co., LLC v Friedman (2020 NY Slip Op 07614)





PNMAC Mtge. Co., LLC v Friedman


2020 NY Slip Op 07614


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2018-06138
2018-06140
2018-09520
2019-05658
 (Index No. 130887/13)

[*1]PNMAC Mortgage Co., LLC, respondent, 
v
Eva Friedman, et al., appellants, et al, defendants.


David Stein, (Mischel & Horn, P.C., New York, NY [Scott T. Horn], of counsel), for appellants.
Friedman Vartolo LLP, New York, NY (Zachary Gold of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Eva Friedman and Jacob Frankfurter appeal from (1) an order of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated February 16, 2018, (2) an order of the same court dated February 20, 2018, (3) an order of reference of the same court dated May 18, 2018, and (4) a judgment of foreclosure and sale of the same court dated April 26, 2019. The order dated February 16, 2018, insofar as appealed from, granted that branch of the plaintiff's motion which was to confirm a referee's report on the issue of standing, and denied those defendants' cross motion to reject the referee's report. The order dated February 20, 2018, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike those defendants' answer, and for an order of reference, and denied those defendants' cross motion for leave to amend their answer and pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. The order of reference, insofar as appealed from, again granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike those defendants' answer, and for an order of reference, and referred the matter to a referee to ascertain and compute the amount due to the plaintiff. The judgment of foreclosure and sale confirmed the referee's report and directed the sale of the subject property.
ORDERED that the appeals from the order dated February 16, 2018, the order dated February 20, 2018, and the order of reference are dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeals from the order dated February 16, 2018, the order dated February 20, 2018, and the order of reference must be dismissed, because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (see Matter of Aho, [*2]39 NY2d 241, 248). The issues raised on the appeals from the orders and the order of reference are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In 2011, the plaintiff commenced an action (hereinafter the prior action) to foreclose a mortgage securing a note executed by the defendants Eva Friedman and Jacob Frankfurter (hereinafter together the defendants). In an order dated March 21, 2012, the Supreme Court granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them on the ground that the plaintiff lacked standing, as the plaintiff failed to establish that it was the holder of the note by either delivery or assignment prior to the commencement of the prior action.
Thereafter, in August 2013, the plaintiff commenced the instant action to foreclose the same mortgage, alleging that it was the owner and holder of the note and mortgage. In January 2016, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. The defendants opposed the motion, and cross-moved for leave to amend their answer and pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. They argued, among other things, that the complaint should be dismissed based on the doctrine of collateral estoppel and for lack of standing. The Supreme Court referred the question of standing to a referee.
Following a hearing, the referee issued a report in which he concluded that the plaintiff had demonstrated that it had physical possession of the original note at the time this action was commenced, and that the plaintiff had standing to commence the action. The plaintiff moved, inter alia, to confirm the referee's report. The defendants opposed the motion and cross-moved to reject the referee's report.
By order dated February 16, 2018, the Supreme Court, among other things, granted that branch of the plaintiff's motion which was to confirm the referee's report, and denied the defendants' cross motion to reject the referee's report. By order dated February 20, 2018, the court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference, and denied the defendants' cross motion for leave to amend their answer and pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. By order of reference dated May 18, 2018, the court, among other things, again granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference, and referred the matter to a referee to ascertain and compute the amount due to the plaintiff. Thereafter, in April 2019, the court entered a judgment of foreclosure and sale. The defendants appeal.
The doctrine of collateral estoppel "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (Ryan v New York Tel. Co., 62 NY2d 494, 500; see Bank of N.Y. Mellon v Chamoula, 170 AD3d 788, 790). "The party seeking to invoke collateral estoppel has the burden to show the identity of the issues, while the party trying to avoid application of the doctrine must establish the lack of a full and fair opportunity to litigate" (Matter of Dunn, 24 NY3d 699, 704).
Here, the defendants failed to demonstrate that the issue of whether the plaintiff has standing under the circumstances of this action was identical to the issue adjudicated in the prior action (see HSBC Bank USA, N.A. v Carchi, 177 AD3d 710, 712-713). In the prior action, the issue was whether the plaintiff was the holder of the note at the time that action was commenced, while in the present action, the issue is whether the plaintiff was the holder of the note at the time this action was commenced (see HSBC Bank USA, N.A. v Pantel, 179 AD3d 650, 651-652). Thus, the issues are not identical and the litigation of the plaintiff's standing in this action is not barred by collateral estoppel (see id. at 651-652; HSBC Bank USA, N.A. v Carchi, 177 AD3d at 712-713).
"A plaintiff has standing to commence a foreclosure action where it is the holder or assignee of the underlying note, either by physical delivery or execution of a written assignment prior to the commencement of the action with the filing of the complaint" (Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 868; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362). Thus, a plaintiff may demonstrate its standing in a foreclosure action through evidence that it was in possession of the subject note endorsed in blank, or the subject note and a firmly affixed allonge endorsed in blank, at the time of commencement of the action (see PennyMac Corp. v Chavez, 144 AD3d 1006, 1007).
Here, the plaintiff established, through both testimony before the referee and documentary evidence, that it had physical possession of the original note and the affixed allonge with an endorsement in blank on the date that this action was commenced (see id. at 1007). Given that the referee's report and finding that the plaintiff had standing to commence this action was substantially supported by the record, we agree with the Supreme Court's determination granting that branch of the plaintiff's motion which was to confirm the referee's report, and denying the defendants' cross motion to reject the referee's report (see U.S. Bank N.A. v Sheth, 177 AD3d 1018, 1020).
Accordingly, we also agree with the Supreme Court's determination to grant those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference, and deny the defendants' cross motion for leave to amend their answer and pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.
The defendants' remaining contentions are without merit .
RIVERA, J.P., LEVENTHAL, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court