Capital One, N.A. v Trubitsky (2022 NY Slip Op 03492)





Capital One, N.A. v Trubitsky


2022 NY Slip Op 03492


Decided on June 1, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.


2019-02925
 (Index No. 518347/16)

[*1]Capital One, N.A., respondent, 
v
Denis Trubitsky, et al., appellants, et al., defendants.


Tsyngauz & Associates, P.C., New York, NY (Ryan Banich of counsel), for appellants.
Woods Oviatt Gilman, LLP, Rochester, NY (Michael Jablonski of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Denis Trubitsky and Marina Trubitsky appeal from an order of the Supreme Court, Kings County (Noach Dear, J.), dated November 27, 2018. The order denied those defendants' motion for summary judgment dismissing the complaint insofar as asserted against them and granted the plaintiff's cross motion for leave to amend the complaint.
ORDERED that the order is affirmed, with costs.
On March 20, 1998, the defendant Denis Trubitsky (hereinafter Denis) obtained a loan from nonparty GFI Mortgage Bankers, Inc., in the amount of $324,000, secured by a mortgage encumbering property in Brooklyn. On April 24, 2001, Denis obtained a second mortgage loan in the amount of $12,804 from nonparty Greenpoint Mortgage Funding, Inc. (hereinafter Greenpoint), and executed a Consolidation, Extension, and Modification Agreement (hereinafter CEMA), pursuant to which the first and second notes and mortgages were consolidated into a single lien in the amount of $324,300.
In September 2013, the plaintiff commenced a mortgage foreclosure action against Denis and the defendant Marina Trubitsky (hereinafter together the defendants), among others (hereinafter the 2013 action). The complaint alleged that Denis executed a note in the amount of $324,300 on April 24, 2001. The plaintiff attached a copy of the first note and mortgage and the second mortgage to the complaint. The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, and the defendants cross-moved to dismiss the complaint insofar as asserted against them based upon lack of standing since the plaintiff did not allege that it had physical possession of the consolidated note. In reply, the plaintiff contended that no physical consolidated note was ever executed, rather, the CEMA provided that the notes together would be called the consolidated note. In an order dated October 30, 2015, the Supreme Court denied the plaintiff's motion and granted the defendants' cross motion, noting that the complaint sought to foreclose a mortgage purportedly secured by a consolidated note yet the plaintiff did not have possession of a consolidated note.
In September 2016, the plaintiff commenced this mortgage foreclosure action against the defendants, among others. The complaint alleged that a consolidated note had been executed and then lost, and annexed a lost note affidavit. The defendants answered the complaint, and subsequently moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff was precluded from asserting that a consolidated note existed based upon the doctrines of judicial estoppel, res judicata, and collateral estoppel. The plaintiff cross-moved for leave to amend the complaint. In an affirmation in support of the cross motion, the plaintiff's attorney asserted that no consolidated note had ever been executed, and the reference to it in the complaint was a "clerical error." The plaintiff sought leave to amend the complaint to state that the action was to foreclose on the notes that had been consolidated by the CEMA. Further, the plaintiff contended that it was in possession of the two underlying notes when it commenced the instant action, and submitted an affidavit to that effect from one of its employees. The defendants opposed the cross motion, arguing that the plaintiff's request to amend the complaint should be denied based on the doctrines of collateral estoppel, judicial estoppel, and res judicata, and because the proposed amendment was patently devoid of merit.
By order dated November 27, 2018, the Supreme Court denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them, and granted the plaintiff's cross motion for leave to amend the complaint. The defendants appeal.
"'[A] party who assumes a certain position in a prior legal proceeding and secures a favorable judgment therein is precluded from assuming a contrary position in another action simply because his or her interests have changed'" (Bank of Am., N.A. v Ali, 202 AD3d 726, 731, quoting Deutsche Bank Natl. Trust Co. v Gambino, 181 AD3d 558, 560). Contrary to the defendants' contention, the doctrine of judicial estoppel is inapplicable where, as here, the plaintiff did not receive a favorable judgment in the prior proceeding (see Bank of Am., N.A. v Ali, 202 AD3d at 731; Wells Fargo Bank, N.A. v Guerrero, 189 AD3d 1669, 1671; Deutsche Bank Natl. Trust Co. v Gambino, 181 AD3d at 560; see also H & R Block Bank v Page, 199 AD3d 780, 783).
"Under the doctrine of res judicata, or claim preclusion, a disposition on the merits bars litigation between the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding. Thus, a party seeking to assert res judicata must show the existence of a prior judgment on the merits between the same parties, or those in privity with them, involving the same subject matter" (HSBC Bank USA, N.A. v Pantel, 179 AD3d 650, 650-651 [citations and internal quotation marks omitted]). Here, since the 2013 action was dismissed for lack of standing, without reaching the merits of the foreclosure claim itself, the defendants failed to demonstrate that "a judgment on the merits exists between the same parties involving the same subject matter" (id. at 651 [internal quotation marks omitted]; see BHMPW Funding, LLC v Lloyd-Lewis, 194 AD3d 780, 783).
"Collateral estoppel, or issue preclusion, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same. The party seeking to invoke collateral estoppel has the burden to show the identity of the issues, while the party trying to avoid application of the doctrine must establish the lack of a full and fair opportunity to litigate" (HSBC Bank USA, N.A. v Pantel, 179 AD3d at 651 [citations and internal quotation marks omitted]). Here, the defendants failed to demonstrate that the issue of whether the plaintiff has standing under the circumstances of this action was identical to the standing issue adjudicated in the 2013 action (see US Bank, N.A. v Rufai, 202 AD3d 716, 719; HSBC Bank USA, N.A. v Pantel, 179 AD3d at 650-651).
Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them based upon the doctrines of judicial estoppel, res judicata, and collateral estoppel.
The Supreme Court also providently exercised its discretion in granting the plaintiff [*2]leave to amend the complaint. The proposed amendment was not barred by the doctrines of judicial estoppel, res judicata, or collateral estoppel for the reasons stated above. Moreover, the proposed amendment was not palpably insufficient or patently devoid of merit (see Great Homes Group, LLC v GMAC Mtge., LLC, 180 AD3d 1013, 1014).
The defendants' remaining contention is improperly raised for the first time on appeal.
CONNOLLY, J.P., ROMAN, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court