Brody v RBC Mtge. Co. (2023 NY Slip Op 01883)

Brody v RBC Mtge. Co.

2023 NY Slip Op 01883

Decided on April 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-06782
 (Index No. 63363/19)

[*1]Ira Lawrence Brody, appellant,
v
RBC Mortgage Company, et al., defendants, Mortgage Electronic Registration Systems, Inc., et al., respondents.

Ira Lawrence Brody, Rye, NY, appellant pro se.
Fidelity National Law Group, New York, NY (Joyce Davis of counsel), for respondent Bank of New York Mellon Corporation, and Akerman, LLP, New York, NY (Eric M. Levine of counsel), for respondents Mortgage Electronic Registration Systems, Inc., and NewRez, LLC (one brief filed).

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property, the plaintiff appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated July 6, 2020. The order, insofar as appealed from, granted the motion of the defendants Mortgage Electronic Registrations Systems, Inc., and NewRez, LLC, and the separate motion of the defendant Bank of New York Mellon Corporation, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
As is relevant to this appeal, in August 2019 the plaintiff commenced this action, inter alia, pursuant to RPAPL article 15 to quiet title to certain real property located in Rye. Thereafter, the defendants Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), and NewRez, LLC, moved, and the defendant Bank of New York Mellon Corporation (hereinafter BNY) separately moved, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them, asserting, among other things, that the plaintiff's claims were precluded by the doctrine of res judicata. They alleged, inter alia, that in April 2013 the plaintiff commenced a proceeding pursuant to RPAPL 1921 against BNY and Countrywide Home Loans, Inc. (hereinafter Countrywide), to cancel and discharge of record a note and mortgage securing certain real property located in Rye (hereinafter the prior proceeding). The prior proceeding centered on the plaintiff's claim that, in connection with a December 22, 2006 refinancing, a first note and mortgage on the property had been satisfied, and had not been consolidated with a second note and mortgage to form a new single debt. By order dated December 7, 2016, issued in the prior proceeding, the Supreme Court, among other things, granted the motion of BNY and Countrywide for summary judgment dismissing the prior proceeding. In this action, in an order dated July 6, 2020, the court, among other things, granted the motion of MERS and NewRez, and the separate motion of BNY, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them. The plaintiff appeals.
"Under the doctrine of res judicata, or claim preclusion, a disposition on the merits bars litigation between the same parties, or those in privity with them, of a cause of action arising [*2]out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding" (HSBC Bank USA, N.A. v Pantel, 179 AD3d 650, 650-651 [internal quotation marks omitted]; see Bravo v Atlas Capital Group, LLC, 196 AD3d 627, 628-629). "Thus, a party seeking to assert res judicata must show the existence of a prior judgment on the merits between the same parties, or those in privity with them, involving the same subject matter" (HSBC Bank USA, N.A. v Pantel, 179 AD3d at 651). "[U]nder New York's transactional analysis approach to res judicata, once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (Matter of Hunter, 4 NY3d 260, 269 [internal quotation marks omitted]; see Kleinman v Weisman Law Group, P.C., 176 AD3d 1046, 1047; Sciangula v Montegut, 165 AD3d 1188, 1190; Matter of Grossbarth v Danker, Milstein & Ruffo, P.C., 142 AD3d 706, 707).
Here, the subject matter of the prior proceeding centered on the validity and terms of the December 2006 refinancing agreement. In the prior proceeding, the Supreme Court concluded that the plaintiff had ratified the refinancing agreement by making the new, higher payments "without protest," and "accept[ing] the proceeds of the purportedly fraudulent loan and a written acknowledgment of the loan terms." In this action, the plaintiff seeks an absolute and unencumbered title to the property, and alleges, among other things, fraud and unclean hands in connection with the refinancing agreement. Thus, the subject matter of both the prior proceeding and this action is the validity of that refinancing agreement. Therefore the doctrine of res judicata precludes the court's reconsideration of that same transaction (see Eaddy v US Bank N.A., 180 AD3d 756, 757-758; HSBC Bank USA, N.A. v Pantel, 179 AD3d at 650-651; Mazzurco v Astoria Fed. Sav. & Loan Assn., 157 AD3d 943, 943-944).
In light of the foregoing we need not reach the parties' remaining contentions.
DUFFY, J.P., RIVERA, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court