Bank of N.Y. Mellon v Treitel (2023 NY Slip Op 03446)

Bank of N.Y. Mellon v Treitel

2023 NY Slip Op 03446

Decided on June 28, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
WILLIAM G. FORD, JJ.

2020-03186
 (Index No. 507339/18)

[*1]Bank of New York Mellon, etc., respondent,
v
Aron Treitel, et al., appellants, et al., defendants.

Backenroth, Frankel & Krinsky, LLP, New York, NY (Scott Krinsky of counsel), for appellants.
Woods Oviatt Gilman, LLP, Rochester, NY (Michael Joblonski of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the defendants Aron Treitel and Malky Treitel appeal from an order of the Supreme Court, Kings County (Noach Dear, J.), dated February 5, 2019. The order, insofar as appealed from, denied that branch of those defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the plaintiff's first cause of action, to foreclose the mortgage, insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In March 2018, the plaintiff commenced this action against, among others, the defendants Aron Treitel and Malky Treitel (hereinafter together the defendants), inter alia, to foreclose a mortgage. Thereafter, the defendants moved, among other things, pursuant to CPLR 3211(a)(5) to dismiss the plaintiff's first cause of action, to foreclose the mortgage, insofar as asserted against them, arguing that it was barred by the doctrines of res judicata and collateral estoppel or, in the alternative, that it was time-barred. In an order dated February 5, 2019, the Supreme Court, inter alia, denied that branch of the defendants' motion. The defendants appeal.
"Under the doctrine of res judicata, or claim preclusion, a disposition on the merits bars litigation between the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding. Thus, a party seeking to assert res judicata must show the existence of a prior judgment on the merits between the same parties, or those in privity with them, involving the same subject matter" (Capital One, N.A. v Trubitsky, 206 AD3d 608, 610 [internal quotation marks omitted]).
Here, the defendants' submissions demonstrated that a 2010 foreclosure action commenced by the plaintiff against the defendants, among others, to foreclose the same mortgage was dismissed for lack of standing. A 2013 action commenced by the plaintiff against the defendants, among others, to foreclose the same mortgage was dismissed on the ground that the plaintiff was "bound" by the dismissal order in the 2010 action. Thus, both the 2010 and the 2013 [*2]foreclosure actions were dismissed without reaching the merits of the foreclosure claim. Since the defendants therefore failed to demonstrate that "a judgment on the merits exists between the same parties involving the same subject matter," the present action is not barred by res judicata (id. at 611 [internal quotation marks omitted]; see HSBC Bank USA, N.A. v Pantel, 179 AD3d 650, 650-651).
"Collateral estoppel, or issue preclusion, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same. The party seeking to invoke collateral estoppel has the burden to show the identity of the issues, while the party trying to avoid application of the doctrine must establish the lack of a full and fair opportunity to litigate" (Capital One, N.A. v Trubitsky, 206 AD3d at 611 [internal quotation marks omitted]).
Here, the defendants failed to demonstrate that the issue of whether the plaintiff had standing to commence the present action was identical to the standing issue adjudicated in the prior actions (see id. at 611; HSBC Bank USA, N.A. v Pantel, 179 AD3d at 650-651; Deutsche Bank Natl. Trust Co. v Murray, 176 AD3d 1172, 1175). Therefore, the defendants failed to demonstrate that this action was precluded under the doctrine of collateral estoppel.
Actions to foreclose a mortgage are governed by a six-year statute of limitations (see CPLR 213[4]). "When a mortgage is payable in installments, an acceleration of the entire amount due begins the running of the statute of limitations on the entire debt" (Federal Natl. Mtge. Assn. v 4721 Ditmars Blvd, LLC, 196 AD3d 465, 466). "A mortgage debt may be accelerated when a lender commences a mortgage foreclosure action against the borrower and seeks payment of the full balance due in the complaint" (HSBC Bank USA v Rinaldi, 177 AD3d 583, 585). However, the acceleration of a mortgaged debt by commencement of an action is only valid if the party making the acceleration had standing at that time to do so (see Federal Natl. Mtge. Assn. v 4721 Ditmars Blvd, LLC, 196 AD3d at 466; HSBC Bank USA v Rinaldi, 177 AD3d at 585).
Here, the 2010 foreclosure action was dismissed on the ground that the plaintiff lacked standing. Therefore, the purported acceleration through commencement of that action was a nullity and the statute of limitations did not begin to run at that time (see IPA Asset Mgt., LLC v Bank of N.Y. Mellon, 202 AD3d 1068, 1070; Federal Natl. Mtge. Assn. v 4721 Ditmars Blvd, LLC, 196 AD3d at 467; Deutsche Bank Trust Co. Ams. v Marous, 186 AD3d 669, 671). Furthermore, the plaintiff was not estopped from asserting that the mortgage was not validly accelerated by commencement of the 2010 action, as that action "was dismissed based on an expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated" (CPLR 213[4][a]; cf. GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915, 917). Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was to dismiss the plaintiff's first cause of action, to foreclose the mortgage, on the ground that it was time-barred.
We therefore affirm the order insofar as appealed from.
CONNOLLY, J.P., IANNACCI, MILLER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court