| |
|---|
| **U.S. Bank N.A. v Cogen** |
| 2024 NY Slip Op 31938(U) |
| June 3, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 850251/2019 |
| Judge: Francis A. Kahn III |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>HON. FRANCIS A. KAHN, III</u>     PART            **32**

*Justice*

------------------------------------------------------------------X

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR
STRUCTURED ASSET INVESTMENT LOAN TRUST
MORTGAGE PASS-THROUGH CERTIFICATES, SERIES
2006-4,

                    Plaintiff,

         - v -

MICHAEL J. COGEN, NEW YORK CITY ENVIRONMENTAL
CONTROL BOARD, NEW YORK STATE DEPARTMENT
OF TAXATION AND FINANCE, UNITED STATES OF
AMERICA ACTING ON BEHALF OF THE IRS,
MANUFACTURERS & TRADERS TRUST COMPANY,
TRUSTEE FOR SECURITIZATION SERIES 1994-4,
AGREEMENT DATED 8-01-94, CITY REGISTER OF THE
CITY OF NEW YORK, NEW YORK COUNTY, ATLAS
AUTOTRONICS CENTER INC.,MARIO MERCADO,

                    Defendant.

------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 850251/2019 |
| MOTION DATE | |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98

were read on this motion to/for             <u>JUDGMENT - SUMMARY</u> .

Upon the foregoing documents, the motion and cross-motion are determined as follows:

Plaintiff commenced this action, its fourth, to foreclose on a mortgage encumbering real property located at 40 Edgecombe Avenue, New York, New York. The mortgage, dated April 7, 2006, was given by Defendant Michael J. Cogen ("Cogen") to non-party Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for non-party BNC Mortgage, Inc., NA ("BNC"). The mortgage secures a loan with an original principal amount of $499,920.00 which is memorialized by a note of the same date as the mortgage. Defendant Cogen answered, *pro se*, and pled numerous affirmative defenses, including expiration of the statute of limitations.

MERS commenced the first action to foreclose this mortgage on December 21, 2006 (*see MERS v Cogen*, NY Cty Index No 118907/2006). That action was apparently discontinued by notice filed on January 1, 2007. A second action was commenced on March 30, 2009, by non-party Aurora Loan Services LLC ("Aurora") (*see Aurora v Cogen*, NY Cty Index No 104394/2009). Cogen answered in the second action and pled three affirmative defenses, including that Aurora lacked standing. By order of Justice Shlomo Hagler dated July 14, 2014, Cogen's motion to dismiss the 2009 action was granted on the basis that Plaintiff "did not have standing prior to commencement of the action". The third action was commenced on March 13, 2015, by non-party Nationstar Mortgage LLC ("Nationstar") (*see Nationstar Mortgage LLC v Cogen*, NY Cty Index No 850118/2015). By order of Justice Geoffrey D.

850251/2019   U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED ASSET
INVESTMENT LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-4 vs.
COGEN, MICHAEL J. ET AL
Motion No. 001

Page 1 of 6

Wright, dated October 18, 2016, Nationstar's motion for summary judgment was granted and Cogen's cross-motion to dismiss was denied. The Appellate Division, First Department reversed that decision, and dismissed the complaint (*see Nationstar Mtge., LLC v Cogen,* 159 AD3d 428 [1st Dept 2018]). The First Department held that "plaintiff failed to prove that it mailed the notices required by Real Property Actions and Proceedings Law § 1304" (*id.*). This action followed with Plaintiff's filing of a summons and complaint on October 21, 2019.

Now, Plaintiff moves for summary judgment against Cogen, dismissing his affirmative defenses, a default judgment against the non-appearing parties, appointment of a referee to compute and to amend the caption. Defendant Cogen opposes the motion and cross-moves to dismiss Plaintiff's complaint based upon CPLR §213[4], as well as the enactments under the Foreclosure Abuse Prevention Act ("FAPA")(L 2022, ch 821 [eff Dec. 30, 2022]), and for an award of attorney's fees. Plaintiff opposes the cross-motion.

Starting with the branch of the cross-motion pursuant to CPLR §213[4], on a motion to dismiss a cause of action as barred by the statute of limitations, the movant bears the initial burden of showing *prima facie* that the time to sue has expired (*see* CPLR §3211[a][5]; *Wilmington Sav. Fund Socy., FSB v Alam,* 186 AD3d 1464 [2d Dept 2020]; *Benn v Benn,* 82 AD3d 548 [1st Dept 2011]). To meet its burden, "the Defendant must establish, *inter alia*, when the Plaintiff's cause of action accrued" (*Lebedev v Blavatnik,* 144 AD3d 24, 28 [1st Dept 2016], *quoting Cottone v Selective Surfaces, Inc.,* 68 AD3d 1038, 1041 [2d Dept 2009]). The commencement of the 2006 action was an unequivocal act of acceleration of the debt. Among other things, the complaint expressly stated that MERS was electing to declare the entire principal balance to be due and owing. Based upon the foregoing, Defendant established that the statute of limitations in this matter accrued in 2006 and that more than six-years past before this action was commenced.[1] Accordingly, the burden shifted to Plaintiff to demonstrate that a toll, stay or extension is applicable or that an issue of fact exists (*see eg U.S. Bank N..A. v. Nail,* 203 AD3d 1095 [2d Dept 2022]; *Matter of Schwartz,* 44 AD3d 779 [2d Dept 2007]).

In opposition, Plaintiff, relying on General Obligations Law §17-107, claims that the loan was reinstated in 2007 when Cogen made installment payments of principal and interest through 2011. Plaintiff posits that this, in and of itself, reaffirmed the debt and extended the statute of limitations. The statute in question, titled "Effect of part payment on time limited for foreclosure of a mortgage", provides as follows:

> A payment on account of a mortgage indebtedness, or instalment thereof or interest thereon, which is effective to revive an action to recover such indebtedness, instalment or interest or to extend the time limited for such action, is also effective, between persons described in subdivision two of this section, to make the time limited for commencement of an action to foreclose the mortgage run from the date of payment, unless the payment is accompanied by written disclaimer of intention to effect the time limited for foreclosure of the mortgage.

(GOL §17-107[1]).

---

[1] Cogen's claim the 2009 action was an acceleration event is unavailing as it is acknowledged that "that the debt [in that action] was never validly accelerated, as the prior action to foreclose the subject mortgage . . . was dismissed upon the Supreme Court's determination that the plaintiff in that action lacked standing to commence that action" (*U.S. Bank N.A. v Pearl-Nwabueze,* 218 AD3d 824 [2d Dept 2023]; *Bank of N.Y. Mellon v Treitel,* 217 AD3d 911 [2d Dept 2023]).

**850251/2019  U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED ASSET INVESTMENT LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-4 vs. COGEN, MICHAEL J. ET AL**
**Motion No. 001**

**Page 2 of 6**

2 of 6

The above statute has its origin in a venerable common-law principle that provides "[w]hen part payment of an obligation, which would otherwise be unenforceable under the statute of limitations, is made . . . the statute will run afresh beginning with the date of that payment, provided it may be inferred from the payment that an intention arose therefrom to honor the entire obligation to which it relates" (1 Bergman on New York Mortgage Foreclosures §5.11 [6] [b][2023]). When applicable, the statute of limitations begins to run anew from "the date of the last such payment" (*Federal Natl. Mtge. Assn. v Jeanty*, 39 NY3d 951, 952 [2022]). "The full force of this rule is not diminished or superseded by statutory overlay" (*Roth v Michelson*, 55 NY2d 278, 281 [1982]). Therefore, under either the statute or at common-law, "[i]n order to demonstrate that the statute of limitations has been renewed by a partial payment, it must be shown that the payment was 'accompanied by circumstances amounting to an absolute and unqualified acknowledgment by the debtor of more being due, from which a promise may be inferred to pay the remainder'" (*U.S. Bank N.A. v Martin*, 144 AD3d 891, 892-893 [2d Dept 2016], *citing Lew Morris Demolition Co. v Board of Educ. of City of N.Y.*, 40 NY2d 516, 521 [1976]).

Cogan asserts that the amendments contained in FAPA nullified the application of the partial payment principle in this context and relies on newly created CPLR §203[h] and amendments to GOL 17-105[4]. Those statutes provide as follows:

> Once a cause of action upon an instrument described in subdivision four of section two hundred thirteen of this article has accrued, no party may, in form or effect, unilaterally waive, postpone, cancel, toll, revive, or reset the accrual thereof, or otherwise purport to effect a unilateral extension of the limitations period prescribed by law to commence an action and to interpose the claim, unless expressly prescribed by statute.

(CPLR §203[h]);

> An acknowledgment, waiver, promise or agreement, express or implied in fact or in law, shall not, in form or effect, postpone, cancel, reset, toll, revive or otherwise extend the time limited for commencement of an action to foreclose a mortgage for any greater time or in any other manner than that provided in this section, unless it is made as provided in this section.

(GOL §17-105[4]).

However, Cogan overlooks the end of CPLR §203[h] which excepts from its scope provisions "expressly prescribed by statute". GOL §17-107 is such a statute and the legislative history makes that deduction clear. "The Legislature has specified the methods by which the statute of limitations in a mortgage foreclosure action could be waived or extended in Article 17 of the General Obligations Law (*see* Gen. Oblig. Law 17-105 (express written agreement to extend, waive or not plead as a defense the statute of limitations); *17-107 (unqualified payment on account of mortgage indebtedness effective to revive statute of limitations*) [emphasis added]" (NY State Senate Bill S5473D at Sponsor Memo, Summary of Specific Provisions). In addition, under the summary of CPLR §203[h] contained in the New York State Senate Sponsor's Memorandum, it states in footnote 2 as follows:

**850251/2019   U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED ASSET**          **Page 3 of 6**
**INVESTMENT LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-4 vs.**
**COGEN, MICHAEL J. ET AL**
**Motion No. 001**

"The language 'unless expressly prescribed by statute,' is not intended to be a 'loophole' in the subdivision and should not be viewed or treated as such. Rather, the language represents the legislature's recognition of certain unique situations *where the law, in effect, may technically provide a party with the unilateral ability to toll or extend the time prescribed by law to commence an action and to interpose a claim* (*see* Gen. Oblig. Law 17-105, *17-107; see also* 11 USC 362 [automatic bankruptcy stay tolls statutes of limitation as per the unilateral act by the debtor of filing the petition] [emphasis added]".

(NY State Senate Bill S5473D at Sponsor Memo, Summary of Specific Provisions, fn 2).

That same legislative history also acknowledges that CPLR §203[h] is not intended to affect a *mortgagor's* contractual right to de-accelerate the indebtedness, which in this case is contained in paragraph 19 of the mortgage at issue. On that score, the New York State Senate Sponsor's Memorandum, regarding the same provision states in footnote 3 as follows:

"We note, the primary purpose of CPLR 203 (h) is to clarify that upon accrual of a cause of action, the *aggrieved party* -- meaning the party with the right to commence an action and interpose a claim -- may not unilaterally extend *its own time* to assert *its own claim*. Thus, the subdivision has no adverse impact on a *borrower's* contractual or statutory right to 'reinstate' a mortgage loan (i.e., pay the total amount of his or her arrears and thereby bring the mortgage loan back to a regular monthly installment contract), which effectively 'de-accelerates' a/k/a 'de-accrues' *a lender's* cause of action to sue upon the prior, but subsequently cured, mortgage loan default(s) (*see e.g.*, Fannie Mae/Freddie Mac Form 3033 mortgage ¶ 19; *cf.* Gen. Oblig. Law 17-105, 17-107). Accordingly, 'de-accrual' under the General Obligations Law (*e.g.*, §§ 17-105, 17-107 [the exercise of a borrower's contractual right to reinstate a mortgage loan or a borrower's execution of a properly drafted loan modification agreement]), constitutes permissive means 'expressly prescribed by statute' (CPLR 203[h])".

(NY State Senate Bill S5473D at Sponsor Memo, Summary of Specific Provisions, fn 3 [emphasis as in original]).

Based on the above, the retention of GOL §17-105[5][a][2] despite the amendments enacted in FAPA was intended and Plaintiff's reliance thereon is correct.

In application of GOL §17-107, Plaintiff submitted the affidavit of Talya Harris ("Harris"), a Document Execution Associate of Nationstar, the alleged servicer of the subject loan. Harris claimed knowledge of the record keeping systems of Nationstar and Aurora and that based upon review of the account ledger, copies of which were attached to the affidavit, certain principal and interest payments were made by Defendant Cogen between 2007 and 2011. Harris also averred that the mortgage loan is in default for the payment that was due on April 1, 2009. Those records purport to show that 28 installment payments were credited in the loan servicing records between January 16, 2007, and January 28, 2009. Thereafter, the records apparently show that one installment payment was credited to the

---

[2] "This section does not change the requirements or the effect with respect to the accrual of a cause of action, nor the time limited for commencement of an action based upon either: a. a payment or part payment of the principal or interest secured by the mortgage;"

**850251/2019   U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED ASSET INVESTMENT LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-4 vs. COGEN, MICHAEL J. ET AL**
**Motion No. 001**

Page 4 of 6

[* 4]

account on October 28, 2010, and two on May 25, 2011. No reference in Harris' affidavit is made to Plaintiff's claim that Cogan reinstated the loan in 2007.

Defendant Cogan prophylactically addressed Plaintiff's argument on this issue in his memorandum of law in opposition and in support of the cross-motion. Cogan's argument on this point included an acknowledgment that Plaintiff's "predecessor may have accepted some partial payments after the 2006 acceleration". However, Cogan's does not deny making installment payments in the affidavit annexed to the cross-motion and no affidavit was submitted by Cogan in reply to Plaintiff's opposition to the cross-motion.

The Court of Appeals has held that as few as four payments of principal and interest, that were not part of a trial reinstatement, "established circumstances amounting to 'an absolute and unqualified acknowledgment by the debtor of more being due, from which a promise may be inferred to pay the remainder'" (*Federal Natl. Mtge. Assn. v Jeanty*, 39 NY3d 951, 952 [2022], *citing Lew Morris Demolition Co. v Board of Educ. of City of N.Y.*, supra; *see also Batavia Townhouses, Ltd. v Council of Churches Hous. Dev. Fund Co., Inc.*, 189 AD3d 20, 29 [4th Dept 2020][Recognizing "a partial payment can be effective in reviving the statute of limitations period"]). In this case, there is an affidavit and admissible documentation that twenty-eight [28] such payments were credited to the account after the initial default, between January 16, 2007, and January 22, 2009. Further, Plaintiff's claim that Cogen made the specified post-default payment was never expressly confronted. It is established that "[f]acts appearing in the movant's papers which the opposing party does not controvert, may be deemed to be admitted" (*Kuehne & Nagel, Inc. v Baiden*, 36 NY2d 539, 544 [1975]; *see also Tortorello v Carlin*, 260 AD3d 201, 206 [1st Dept 1999]; *John William Costello Assocs. v Std. Metals Corp.*, 99 AD2d 227, 229 [1st Dept 1984]).

Despite the foregoing, application of GOL §17-107 does not, in and of itself, prove this action was timely commenced. Plaintiff's argument is based on the flawed assumption that application of the part payment principle not only restarted the statute of limitations anew, but that it de-accelerated the loan as well. As such, taking the date of the last payment of the above twenty-eight as the new point of accrual, the limitations period on the accelerated debt would have expired on January 22, 2015, well before the last two actions were commenced. Even if the last payment credited to the account on May 25, 2011, reset the limitations period again, it would only bring the bar date to May 25, 2017, over two years before this action was filed.

Regarding an occurrence of contractual de-accrual via the loan documents or a loan modification, Plaintiff offers only the allegation of its counsel to support that the loan was reinstated Cogen which is insufficient to support a grant of summary judgment (*see* CPLR §3212[b]; *Residential Credit Solutions, Inc. v Gould*, 171 AD3d 638, 641 [1st Dept 2019]; *Bank of N.Y. Mellon v Gordon*, 171 AD3d 197, 201 [2d Dept 2019]). Harris' affidavit was entirely silent on this claim and no documents were submitted to demonstrate, as a matter of law, a contractual reinstatement by Cogen occurred. Nevertheless, inadmissible proof can be considered in opposition to a motion for summary judgment and create an issue of fact (*see eg Bishop v Maurer*, 106 AD3d 622 [1st Dept 2013]). In support of the Plaintiff's claim of de-acceleration, it is undisputed that the mortgage at issue provides for, in paragraph 19, the Mortgagor's right to have the Lender's enforcement of the instrument discontinued and there is unrebutted proof that Cogan made some two years of installment payments after the initial default. This proof raised an issue of fact concerning whether the indebtedness was contractually de-accelerated by Cogan. Should Plaintiff establish this occurred, then the indebtedness was not validly re-accelerated in

850251/2019  U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED ASSET INVESTMENT LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-4 vs. COGEN, MICHAEL J. ET AL
Motion No. 001

Page 5 of 6

5 of 6

this matter until March 13, 2015, when the third action was commenced, and this action was commenced less than six-years thereafter.

Accordingly, it is

ORDERED that the motion and cross-motion are denied as neither party has demonstrated, as a matter of law, whether or not this action is timely, and it is

ORDERED that all parties shall appear for a virtual preliminary conference in this matter is set down for a status conference on **July 9, 2024 @ 2:10 pm** via Microsoft Teams.

| 6/3/2024 | | | | | | |
|---|---|---|---|---|---|---|
| **DATE** | | | | FRANCIS KAHN, III, A.J.S.C. | | |
| | | | | HON. FRANCIS A. KAHN III J.S.C. | | |
| CHECK ONE: | | CASE DISPOSED | | X NON-FINAL DISPOSITION | | |
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER | |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE | |

850251/2019  U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED ASSET INVESTMENT LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-4 vs. COGEN, MICHAEL J. ET AL
Motion No. 001

Page 6 of 6

6 of 6