Nationstar Mtge., LLC v Davis (2025 NY Slip Op 04253)

Nationstar Mtge., LLC v Davis

2025 NY Slip Op 04253

Decided on July 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2023-02602
 (Index No. 708890/21)

[*1]Nationstar Mortgage, LLC, etc., appellant, 
v
Sheldon Davis, defendant, 108-44 Liverpool Street, LLC, et al., respondents.

Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista, Jeremy D. Kaufman, D. Michael Roberts, and Sean Howland of counsel), for appellant.
McLaughlin & Stern, LLP, Garden City, NY (Todd Harris Hesekiel and Andrew J. Luskin of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to cancel and discharge of record a satisfaction of mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Maurice E. Muir, J.), entered January 27, 2023. The order granted the motion of the defendants 108-44 Liverpool Street, LLC, and Webster Business Credit Corporation pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them and pursuant to CPLR 6514(a) to cancel a notice of pendency and denied the plaintiff's cross-motion pursuant to CPLR 3211(c), in effect, to convert those defendants' motion to dismiss into a motion for summary judgment, and thereupon, for summary judgment on the complaint insofar as asserted against those defendants.
ORDERED that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.
On June 16, 2008, the defendant Sheldon Davis executed a promissory note in the principal sum of $446,600 in favor of Golden First Mortgage Corp. (hereinafter Golden), which was secured by a mortgage (hereinafter the mortgage) on certain real property located in Queens (hereinafter the property). The property purportedly had been conveyed to Davis by Shelton Holt via a deed dated June 16, 2008. In 2009, Golden assigned the mortgage to the plaintiff's predecessor in interest, Federal National Mortgage Association (hereinafter FNMA).
On December 3, 2009, FNMA commenced an action against Davis, among others, to foreclose the mortgage, alleging, inter alia, that Davis defaulted on his monthly payments due under the note and mortgage (hereinafter the foreclosure action). In September 2011, FNMA assigned the note and mortgage to the plaintiff. By order dated October 20, 2011, the foreclosure action was joined for trial with an action that Holt had commenced in 2009 (hereinafter the fraud action) against Davis, among others, alleging that the defendants in the fraud action divested Holt of his interest in the property by fraudulently affixing Holt's signature on the deed conveying the property to Davis. FNMA was also named a defendant in the fraud action. As relevant here, in the fraud action, by order dated August 27, 2015, the deed conveying the property from Holt to Davis [*2]was deemed void and Holt was declared the lawful owner of the property. Also on August 27, 2015, in the fraud action, Holt and the plaintiff entered into a so-ordered stipulation of settlement pursuant to which, among other things, Holt acknowledged that the plaintiff held an equitable mortgage against the property (hereinafter the equitable mortgage) and Holt agreed to pay the equitable mortgage under certain terms.
Thereafter, by order dated March 30, 2016, the Supreme Court, among other things, directed dismissal of the complaint without prejudice in the foreclosure action based on the plaintiff's failure to comply with a status conference order (hereinafter the foreclosure order of dismissal).
By satisfaction of mortgage dated November 16, 2016, and recorded on February 13, 2017, the plaintiff acknowledged full payment and satisfaction of the mortgage.
As relevant here, in the fraud action, by order dated November 7, 2019, the Supreme Court, inter alia, granted that branch of Davis's motion which was, in effect, to vacate the order dated August 27, 2015, deeming void the deed from Holt to Davis.
Subsequently, in the foreclosure action, on March 3, 2020, FNMA filed a "renewal notice of pendency" (hereinafter the 2020 notice of pendency).
On March 17, 2020, Davis deeded the property to the defendant 108-44 Liverpool Street, LLC (hereinafter Liverpool). The deed was recorded on March 23, 2020. On March 23, 2020, Liverpool also recorded a mortgage against the property in favor of Wisdom Ventures, LLC (hereinafter the Wisdom mortgage), dated March 17, 2020, to secure the payment of an indebtedness in the sum of $700,000. The Wisdom mortgage was assigned to the defendant Webster Business Credit Corporation (hereinafter Webster) by an assignment of mortgage also recorded on March 23, 2020.
Thereafter, in the foreclosure action, in September 2020, FNMA moved, among other things, pursuant to CPLR 5015(a) to vacate the foreclosure order of dismissal and to restore the action to the active calendar, and, in March 2021, Liverpool moved pursuant to CPLR 6514 to cancel the 2020 notice of pendency. In an order entered July 9, 2021 (hereinafter the July 2021 order), the Supreme Court, inter alia, denied those branches of FNMA's motion and granted Liverpool's motion. The plaintiff appealed from the July 2021 order. In a decision and order in a related appeal (see Federal National Mortgage Association v Davis, _____ AD3d _____ [decided herewith]), this Court modified the July 2021order so as to grant those branches of FNMA's motion which were to vacate the foreclosure order of dismissal and to restore the action to the active calendar, and affirmed the granting of Liverpool's motion pursuant to CPLR 6514 to cancel the 2020 notice of pendency.
In April 2021, the plaintiff commenced this action against Davis, Liverpool, and Webster, among other things, to cancel and discharge of record the satisfaction of mortgage nunc pro tunc to the date of its filing. In July 2021, Liverpool and Webster (hereinafter together the corporate defendants) moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them and pursuant to CPLR 6514(a) to cancel a notice of pendency filed in this action. The plaintiff opposed the motion. In March 2022, the plaintiff cross-moved pursuant to CPLR 3211(c), in effect, to convert the corporate defendants' motion to dismiss into a motion for summary judgment, and thereupon, for summary judgment on the complaint insofar as asserted against the corporate defendants. By order entered January 27, 2023, the Supreme Court granted the corporate defendants' motion, on the ground that the July 2021 order in the foreclosure action barred this action under the doctrine of res judicata, and denied the plaintiff's cross-motion. The plaintiff appeals.
"'Under the doctrine of res judicata, or claim preclusion, a disposition on the merits bars litigation between the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding'" (Brody v RBC Mtge. Co., 215 AD3d 724, 725, quoting HSBC Bank USA, N.A. v Pantel, 179 AD3d 650, 650-651). "'Thus, a party seeking to assert [*3]res judicata must show the existence of a prior judgment on the merits between the same parties, or those in privity with them, involving the same subject matter'" (id., quoting HSBC Bank USA, N.A. v Pantel, 179 AD3d at 651). "'[U]nder New York's transactional analysis approach to res judicata, once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy'" (id. at 726, quoting Matter of Hunter, 4 NY3d 260, 269).
"Collateral estoppel, or issue preclusion, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same. The party seeking to invoke collateral estoppel has the burden to show the identity of the issues, while the party trying to avoid application of the doctrine must establish the lack of a full and fair opportunity to litigate" (Bank of N.Y. Mellon v Treitel, 217 AD3d 911, 912-913 [internal quotation marks omitted]; see HSBC Bank USA, N.A. v Pantel, 179 AD3d at 651).
Here, the July 2021 order was not a final judgment on the merits in the foreclosure action. Moreover, the record does not demonstrate that the validity of the satisfaction of mortgage and the respective rights of the plaintiff and the corporate defendants were litigated in the foreclosure action (see HSBC Bank USA, N.A. v Pantel, 179 AD3d at 651-652). Thus, the corporate defendants failed to demonstrate that they were entitled to dismissal of the complaint insofar as asserted against them as barred by the doctrines of res judicata or collateral estoppel (see Bank of N.Y. Mellon v Treitel, 217 AD3d at 912-913), and the Supreme Court should not have granted their motion on the ground of res judicata.
The Supreme Court did not reach the corporate defendants' other grounds for dismissal of the complaint insofar as asserted against them pursuant to CPLR 3211(a). We reverse the order appealed from and remit the matter to the Supreme Court, Queens County, for a new determination of the corporate defendants' motion and the plaintiff's cross-motion after considering those grounds (see Johnson v 275 Clermont, LLC, 235 AD3d 731, 733).
The parties' remaining contentions need not be reached in light of our determination.
DUFFY, J.P., CHRISTOPHER, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court